MACHETTE *v.* WANLESS.

VERDICT *on issues in trover and replevin — sufficiency.* Issues upon plea of *non-detinet* and property in defendant in replevin, and upon plea of not guilty in trover, are not determined by a verdict of guilty.

CONSTRUCTION OF MORTGAGE *must be such as will give effect to the whole instrument.* A mortgage in terms defeasible upon payment of a note for $100, but which, by another clause, appears to have been intended as a security for past indebtedness, will be construed so as to bring the clause relating to past indebtedness within the terms of the defeasance.

MORTGAGE — *description of indebtedness.* A mortgage given to secure all past indebtedness due and owing from the mortgagor to the mortgagee contains a sufficient description of the indebtedness.

PRACTICE — *objection to evidence must be made at the trial.* Objections to evidence cannot be presented for the first time in this court.

REPLEVIN BY MORTGAGEE *of chattels — evidence of indebtedness.* A mortgagee of chattels may proceed against the mortgaged property while he holds any portion of the indebtedness secured by the mortgage, and in replevin for such chattels it is sufficient for him to show that he holds some portion of the indebtedness secured by the mortgage.

In an action of replevin by a mortgagee to recover possession of the chattels mortgaged, the defendant cannot defeat the action by showing that a portion of the indebtedness mentioned in the mortgage has been paid.

REPLEVIN — *defense arising after suit brought.* In replevin by a mortgagee to recover possession of the mortgaged chattels, the defendant cannot defeat the action by showing that a portion of the indebtedness was paid after suit brought.

CHATTEL MORTGAGE *must be executed according to statute.* A chattel mortgage, which does not provide that the property shall remain in the possession of the mortgagor, and which is not executed according to the statute (Rev. Stat., chap. 14, 102), cannot be received in evidence.

*Appeal from District Court, Arapahoe County.*

AT the trial, George F. Wanless testified : That he was agent for the plaintiff below, and authorized to make advances to one Goff, who occupied plaintiff's farm ; that he took a mortgage from Goff to the plaintiff on one-half of Goff's crop, to secure such advances ; that, on going to the plaintiff's farm one day, he found the defendant below removing the grain ; that he told defendant of the mortgage to plaintiff, and claimed the grain and forbid the removal of it ; that Machette, the defendant, answered, that he did

not intend to give up the grain, and thereafter secreted it, and refused to tell where it was ; that the grain was found and replevied under the writ ; that Machette stated that he was aware of plaintiff's mortgage ; that Goff told witness, about a week before the grain was threshed, that he would not thresh for some weeks yet; that the grain was grown upon plaintiff's farm in the summer of 1867 ; that the advances made for plaintiff by witness were made at different times ; that the last advance was $100 ; was made in June, 1867.

Cross-examination : Witness identified a note taken by him from Goff at the time the mortgage was executed, and stated that it was paid at maturity by Machette, the defendant. Witness also stated : "I had advanced Goff money before that, horses, etc. I had made advances and so had my brother, and I took this mortgage to secure all of his indebtedness to my brother. I did not then know what or how much my brother had advanced, or how much I had advanced in all, and therefore only specified particularly this note in the mortgage ; Machette paid me this note on the day it was due, I think it was after this suit was brought."

Plaintiff then offered a chattel mortgage from Goff to himself, dated July 6, A. D. 1867, and two notes from Goff to himself, one dated December 1, 1866, for $616, payable one day after date, another dated October 15, A. D. 1866, for $500, payable eight months after date. The consideration expressed in the mortgage was $500, and the defeasance was as follows :

"Provided, nevertheless, that if the said party of the first part, his heirs, executors or administrators, shall well and truly pay to the party of the second part, his executors, administrators and assigns, for the redemption of the above bargained goods and chattels, the just and full sum of $100, on or before the fifteenth day of September, A. D. 1867, with interest on the same, according to the tenor and effect of a certain promissory note, given by the said party of the first part to the said party of the second part, bearing even

date with this deed, then these presents to be void, otherwise to remain in full force and virtue, and to secure all past indebtedness due and owing from the said first party to the said second party, said indebtedness to be paid on or before said fifteenth day of September, A. D. 1867."

The defendant admitted the execution of the notes and mortgage, but objected generally to the introduction of the notes and to the mortgage on the ground that it was fraudulent and invalid for uncertainty. But the court allowed them to be read in evidence. The defendant below proved the execution of a mortgage from Goff to him, and also a note of $1,500, dated June 6, 1867, payable thirty days after date. The mortgage was of the same date, and for the undivided one-half of the crop then growing upon plaintiff's ranche. This instrument did not contain any provision as to the possession of the property by the mortgagor, nor was it acknowledged in the form prescribed by the statute, relating to chattel mortgages. Upon plaintiff's objection the note and mortgage were excluded. The defendant also offered the $100 note, mentioned in the mortgage from Goff to plaintiff, and upon plaintiff's objection the court refused to receive it. The defendant also offered a power of attorney from Goff to him, authorizing him to pay the $100 note and obtain a release of plaintiff's mortgage. On plaintiff's objection this was excluded also. The verdict of the jury was, they find the said defendant guilty, and assess the said plaintiff's damages on occasion of the premises at five cents.

Messrs. CHARLES & ELBERT and Mr. GEORGE W. PURKINS, for appellant.

Mr. ALFRED SAYRE and Mr. M. BENEDICT, for appellee.

HALLETT, C. J.   The declaration in this cause contains a count in replevin and a count in trover. To the count in replevin *non detinet* and property in Machette was pleaded, and to the count in trover the plea was not guilty. Issues were joined upon these pleas, and upon trial thereof the jury returned a verdict of guilty, and awarded five cents

damages to the plaintiff below. It is impossible to say that these issues were determined by this verdict. Whether the jury found the defendants guilty of the detention charged in the first count, or the conversion charged in the second count, can only be conjectured, and the verdict is entirely silent as to the ownership of the property. In *Patterson* v. *United States*, 2 Wheat. 221, it is said : "Whether the jury find a general or a special verdict, it is their duty to decide the very point in issue, and although the court in which the cause is tried may give form to a general finding so as to make it harmonize with the issue, yet if it appears to the court, or the appellate court, that the finding is different from the issue, or is confined to part only of the matter in issue, no judgment can be rendered upon the verdict."

It is hardly necessary to add, that according to this rule this judgment cannot stand.

Other questions are presented which will probably arise upon another trial of the cause, and therefore it is necessary to refer to them briefly.

The mortgage from Goff to Wanless, although in terms defeasible upon payment of the $100 note, seems to have been intended as a security for all indebtedness then existing between the parties. The clause relating to past indebtedness must be brought within the terms of the defeasance in order to make it effectual, and this appears to have been the intention of the parties. This construction will give effect to every part of the instrument, while that urged by the appellant requires the provision respecting past indebtedness to be rejected, and the law will indulge the first construction rather than the last.

As to the description of the indebtedness, the case of *Insurance Company* v. *Brown*, 11 Mich. 266, is an authority.

In that case it was held that a mortgage conditioned for the payment of all sums due and to become due was sufficiently certain, and the opinion of the court appears to be well sustained by other authorities.

If the appellee had been called upon to show that the notes given in evidence were covered by the mortgage, the

court below would, doubtless, have required him to furnish such proof, since the mortgage does not contain a specific description of the indebtedness designed to be secured. But the appellant's objection appears to have been directed against the mortgage, and it does not appear that any question was made in the court below respecting the connection or want of connection between the notes and mortgage. So, also, as to the objection that it does not appear that the instrument was recorded in the office of the county recorder. It does not appear to have been presented to the court below, and cannot be presented for the first time in this court.

In answer to the objection that the $100 note was not offered by the appellee together with the chattel mortgage, it is sufficient to say, that a portion of the indebtedness secured by the mortgage was offered and received. Of course, a mortgage valid and effectual to secure the whole of the indebtedness described in it, is valid and effectual as to every portion of such indebtedness, and, while the mortgagee holds any portion of the indebtedness secured by the mortgage, he is entitled to proceed against the mortgaged property. Perhaps this statement would require some modification if applied to a case where a mortgagee of chattels has assigned a portion of the indebtedness secured in his mortgage, and his assignee has obtained possession of the mortgaged chattels. But the appellant does not occupy the position of an assignee of the $100 note. He claims to have taken it up on behalf of Goff, the maker, and is aggrieved that the court below would not permit him to show this fact. Furthermore, at the time the property was replevied, the note had not been paid, and, therefore, appellant was not then in possession of it, either as assignee or otherwise. Upon the evidence in this case, it certainly was sufficient for appellee to show, that he held a part of the indebtedness secured by the mortgage, and we do not see that appellant could defeat a recovery by showing that he did not hold all of the indebtedness. Although there was a count in trover in the declaration,

there was no attempt to charge defendants below with more property than was obtained upon the writ of replevin, and, therefore, we may say, that the action was solely to recover possession of chattels. We have seen, that appellee was only required to show some indebtedness from Goff to him under the mortgage, in order to support his right to the possession of the mortgaged chattels, and, therefore, the refusal of the court to allow appellant to show that the $100 note had been paid was not erroneous.

As to the mortgage from Goff to appellant, it was not executed according to the statute, and, therefore, it was properly excluded. *Hunt* v. *Bullock*, 23 Ill. 320.

We do not perceive that any other questions presented in this record will necessarily arise upon another trial of the cause, and, therefore, this discussion will not be extended further.

The judgment of the district court is reversed and the cause remanded for a new trial.

*Reversed.*