## HURD ET AL. V. SMITH.

1. Taking leave to amend an answer after demurrer sustained, is a waiver of the right to assign error upon the action of the court in sustaining the demurrer.

2. A defendant has no right to continue to present the same defense by different pleas.

3. It is a rule that when there are express covenants in a deed, other covenants will not be implied.

4. There is no breach of a covenant of warranty until eviction, and in pleading in an action for such breach eviction must be alleged.

*Appeal from District Court of Clear Creek County.*

MARGARET SMITH, the appellee, commenced her action in the District Court of Clear Creek County, upon two certain promissory notes, given by the appellants, Nathan S. and William J. Hurd, payable to her order, dated July 5, 1877, for two hundred dollars each, due eight and eleven months from date, respectively.

The defendants answered:

" That plaintiff holds said notes in trust for her husband, William F. Smith, who is indebted to defendant, Nathan S. Hurd, in the sum of ten dollars, due and owing since 1877.

" For a second cause of counter-claim and cause of recoupment.

" 1.    That said notes were part payment for lots 3 and 4, in block number 24, in the town of Georgetown, in said county and State, which the defendant, Nathan S. Hurd bought of William F. Smith, the plaintiff's husband, who made, executed, signed, sealed and delivered to said Nathan S. Hurd, a general warranty deed bearing date of July 2d, 1877" (*deed set out in full*).

" That on September 4, 1877, the plaintiff made, executed and delivered to the defendant, Nathan S. Hurd, a general warranty deed to the same premises described in the foregoing deed, with same covenants of warranty as contained in the above deed, and of the same tenor and effect as the above deed.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*

" 2.    That said notes were given in part payment for said lots conveyed by said deeds, and were given for no other or further consideration than as such part payment.

" 3.    That one Charles J. Yates was in possession of that part of said lot four lying east of the center of Clear Creek, on

Hurd et al. v. Smith.

July 2nd, 1877, and since said date, and now is in possession of said part of lot four, claiming the same adversely to the defendant, Nathan S. Hurd, and under a title, it is said, derived from said William F. Smith prior to his making his said warranty deed to said Nathan S. Hurd; and that upon and ever since the date last aforesaid, said Charles J. Yates has held and now holds possession of that part of lot four lying east of said Clear Creek, against the will and consent of said Nathan S. Hurd.

"4. That the rental value of that part of said lot so possessed by said Yates as aforesaid, is, as defendant believes and therefore charges the fact to be, at least ten dollars per month."

" For a third defense:

" 1. That on and ever since July 2nd, 1877, one Charles J. Yates possessed, and now possesses, adversely to said Nathan S. Hurd, a part of lot 4 mentioned and described in the warranty deeds in the II defense above set forth; and that part of said lot four which lies east of the center of Clear Creek.

" 2. That said Charles J. Yates claims under a title, as it is said, made by said William F. Smith to said Yates prior to July 2nd, 1877.

" 3. That at the March term of the county court, in and for said county, in the year 1878, said Nathan S. Hurd sued said Yates in an action of ejectment for the recovery of that part of said lot four so possessed by said Charles J. Yates, as aforesaid.

" 4. That in said ejectment suit, the plaintiff, Nathan S. Hurd, alleged and complained that he was the owner in fee of said lots three and four; and that said Yates possessed and claimed to rightfully possess said lots in said deeds described in the second defense above set forth; and that said Yates claimed an interest in said lots, adversely to plaintiff, the said Nathan S. Hurd.

" 5. That said Charles J. Yates answered said complaint, and disclaimed all interest in and to said lots, except that part of

lot four, lying east of the center of Clear Creek; which part of said lot four claimed he owned by virtue of a contract made with said William F. Smith, in April, 1874, wherein said William F. Smith agreed to sell to him, the said Yates, that part of lot four lying east of the center of Clear Creek aforesaid; which lot is described in the warranty deeds in the II cause of action herein set forth, on payment to him, the said Smith, the sum of fifty dollars; which sum the said Yates averred that he had paid to said Smith, in pursuance of said contract.

" 6.    That on or about April 23, 1878, a judgment and decree was made and entered in said ejectment cause, denying that the portion of said lot four so possessed and claimed by said Yates, as aforesaid, was the property of said Yates, and that he had good title thereto.

" 7.    That that part of said lot four possessed by said Yates, as aforesaid, defendants believe, and therefore charge the fact to be, is worth five hundred dollars, and was of this value on the 2d day of July, 1877.

" 8.    Wherefore defendants aver that the consideration of said notes has wholly failed."

" And for a fourth defense and cause of counter-claim:

" 1.    That the rents, issues and profits of that part of lot four possessed by Charles J. Yates, as is set forth in the III defense herein, has been worth, as defendants believe, and have reason to believe, and therefore charge the fact to be, the sum of ten dollars per month from July 2d, 1877, to the present time.

" 2.    Wherefore defendants pray that ten dollars per month be allowed as counter-claim and recoupment against said notes from July 2d, 1876, and that judgment be given therefor."

" And for a fifth defense and counter-claim:

" 1.    That defendant, Nathan S. Hurd, commenced an action of ejectment against Charles J. Yates, to recover a part of lot four; said lot being described in the warranty deeds in the II cause of action above and herein set forth, the said suit being the same action and suit described and referred to in the III

Hurd et al. v. Smith.

cause of action herein and above set forth, and that said suit was commenced at the time, in the manner and for the purposes therein set forth.

"2. That the defendant, Nathan S. Hurd, gave notice in writing to said William F. Smith, as well as to him as agent for Margaret Smith, the plaintiff, of the pendency of said suit, and of the notice of the defense of said Charles J. Yates in said suit, and notifying and requesting them to attend to said suit and the trial of the same, and defend the title of the same, in pursuance and compliance with their covenants of warranty, in their warranty deeds contained; copies of which deeds are in the II cause of action herein and above set forth; and that said notice was served on William F. Smith, by delivering him copies of said notice on or about March 19, 1878, and before the trial of said ejectment cause in the county court of said county.

"3. That said William F. Smith and the plaintiff failed to defend the title to said premises in said ejectment suit aforesaid, in which a decree was entered in favor of Yates as aforesaid.

"4. That the defendant, Nathan S. Hurd, incurred large expenses in prosecuting said ejectment suit, and laid and paid out in costs, amounting to eighteen dollars, and counsel fees in said ejectment suit amounting to two hundred dollars, for which sums judgment is prayed."

"And for a sixth defense and counter-claim:

"1. That the defendant, Nathan S. Hurd, did, on January 14, 1878, pay the taxes assessed against the premises mentioned and described in the warranty deeds set forth in the II cause of action herein and above set forth, which taxes were assessed for the year 1877, against said William F. Smith in behalf of said State, county, and town of Georgetown, amounting in all to the sum of forty-five dollars and forty-five cents.

"2. That defendant, Nathan S. Hurd, paid said taxes to prevent a cloud upon the title to said premises arising, and to prevent the same, was compelled to pay said taxes, the amount of which he has demanded of plaintiff at said date, and payment was refused."

" And for a seventh defense, etc.

"That the defendant, William J. Hurd, has no interest in the foregoing defenses, or transactions, and that he signed said notes as a surety for his co-defendant herein."

" Wherefore, Nathan S. Hurd prays judgment for——dollars, with interest from January 1, 1878; also the rental of the premises mentioned in the IV cause of counter-claim herein possessed by Charles J. Yates as therein stated; also the costs and reasonable counsel fees expended by defendant, as complained in the V cause of counter-claim herein; also the sum of forty-five dollars and forty-five cents, with interest thereon from January 14, 1878, as complained of in the VI cause of counter-claim herein, together with all other costs and damages of suit."

The plaintiff having demurred, the demurrer was sustained; the defendants then amended certain portions of their answer, as stated in the opinion, and the amendments were stricken out on motion of the plaintiff; the plaintiff thereupon moved for judgment upon the pleadings, the motion was allowed, and judgment entered to the effect following:

" It appearing to the court from the pleadings of the said parties, that said defendants are indebted to the said plaintiff in the sum of four hundred and forty-six dollars and ten cents; and it further appearing from the answer of said defendants, that defendants hath a just and equitable counter-claim or set-off against said plaintiff to the amount of fifty-five dollars and forty-five cents, which is now here allowed and deducted from the amount so found to be due to said plaintiff.

" Wherefore, by reason of the law and the premises aforesaid, it is ordered, adjudged and decreed that the plaintiff, Margaret Smith, do have and recover from the said defendants, Nathan S. Hurd and William J. Hurd, the sum of three hundred and ninety dollars and sixty-five cents, with legal interest thereon, together with plaintiff's costs," etc.

Mr. L. C. ROCKWELL and Mr. W. T. HUGHES, for appellants.

Hurd et al. v. Smith.

Mr. FRANK A. POPE and Messrs. POST & COULTER, for appellee.

ELBERT, C. J. The defendants set up in their answer six separate defenses. A demurrer was sustained as to the second, third, fourth and fifth defenses, and overruled as to the first and sixth. The defendants stood by their fifth defense, and took leave to amend as to the others. This action waived their right to assign error on the action of the court in sustaining the demurrer, except as to their fifth defense. The fourth defense was not amended and must be considered as abandoned. The amendments made to the second and third defenses were of immaterial matters, and in nowise changed the nature of the defense sought to be interposed, the sufficiency of which had already been passed upon by the court.

There is no substantial difference between the defenses as they stood and the defenses as amended, and it was entirely within the discretion of the court to strike the amendments from the files.

In the case of *Heaton* v. *Myers*, 4 Col. 62, the court says: ' A defendant has no right to continue to present the same defense by different pleas. *Parks* v. *Holmes*, 22 Ill. 522. Nor may he repeatedly refer to the decision of the court, the legal sufficiency of the same defense, under the guise of an amended plea."

The fifth defense was bad. Our statute does not in terms create implied covenants. It is also a rule that where there are express covenants in a deed, other covenants will not be implied. Willard, Real Estate and Con. 411; *Frost* v. *Raymond*, 2 Caine's, 190; *Van DuKam* v. *Van DuKam*, 11 Johns *122; *Finley* v. *Stere* 23 Ill. 56. This disposes of the argument of counsel concerning the implied covenants of the deeds set up.

There was but the one covenant in the deeds set forth in the defendants' answer—the covenant of warranty. If the costs and counsel fees paid out and expended in and about the eject-

ment suit are recoverable at all, they are recoverable only as damages resulting from a breach of the covenant of warranty in the plaintiff's deed.

In actions for breach of this and other covenants contained in conveyances of real estate, costs and counsel fees incurred in defending the grantor's title, are by some of the States allowed as damages resulting from a breach of the covenant. Sedgwick Meas. Dam. *176–*182, and cases cited.    There is no breach of a covenant of warranty until eviction.    Sedgwick Meas. Dam. *152–*158.

No eviction is alleged by the defense in this case ; on the other hand, it shows that the action of ejectment is still pending and undetermined.    There being no breach, there could be no recovery.    The demurrer was properly sustained.

By their first defense the defendants claimed a set-off of ten dollars, with interest from January 1, 1870.    By their sixth defense they claimed a set-off of $45.45, taxes paid January 14th, 1878, for and on behalf of the plaintiff, with interest at the rate of ten per cent. per annum.

The plaintiff admitted these two claims and consented to their allowance.    Through some inadvertence in the entry of judgment, no allowance of interest was made on these items of set-off.    For this reason the judgment is reversed and the cause remanded, with directions to enter judgment, corrected in this particular.

*Reversed.*