## STEVENSON v. LORD.

1. PLEADING — OBJECTION WHICH MAY BE TAKEN AT ANY TIME.— The objection that a complaint fails to state a cause of action may be taken at any time, and is not waived by pleading over.

2. COMPLAINT IN REPLEVIN — UNNECESSARY ALLEGATION.— In replevin by a chattel mortgagee against an attaching creditor of the mortgagor, an allegation in the complaint of the non-payment of the mortgage note, the same not being due, is not necessary.

3. MEASURE OF PLAINTIFF'S RECOVERY IN SUCH CASE.— In such action the recovery is properly for the full value of the property, even though plaintiff's interest may be less.

4. PROPER FINDING UNDER THE STATUTE.— The statute providing that, in an action for the recovery of personal property, judgment may be for the possession, or the value thereof in case a delivery cannot be had, is satisfied by a finding of the total aggregate value of all the chattels wrongfully withheld.

*Appeal from Superior Court of Denver.*

Messrs. REDDIN & ALLPHIN, for appellant.

Messrs. STUART BROS. & ANDREWS, for appellee.

CHIEF JUSTICE HELM delivered the opinion of the court.

E. M. & L. R. Smith borrowed of Mrs. Lord a sum of money, giving their promissory note therefor, secured by a chattel mortgage upon certain personal property, which was duly filed for record. The mortgage contained a provision permitting the mortgagors to retain possession of the property until default in payment of the note, or until the happening of certain other contingencies therein specified. The property while thus situated was attached by a creditor of the mortgagors. By virtue of such attachment Mrs. Lord became entitled to immediate possession of the mortgaged chattels. She brought suit in replevin therefor against appellant, Stevenson, who was the sheriff holding under the attachment. A demurrer to her complaint having been overruled, answer was filed, the cause was tried, and she recovered judgment for the possession of the chat-

tels, or, in case possession were not obtained, for their value.

The objection, taken by demurrer, that the complaint failed to state a cause of action, was not waived, as counsel contend, by pleading over. Under the statute this question may be raised at any time; but the demurrer was correctly overruled. The complaint, in our judgment, sufficiently pleaded a cause of action. Had the note matured, and suit been instituted to recover the principal and interest thereon, an express averment by plaintiff of non-payment would not have been necessary. In most of the states payment is regarded as a defense, and is usually pleaded as new matter in the answer. Pom. Rem. § 700; *Watson v. Lemen*, 9 Colo. 200. But if a complaint in *assumpsit* upon a promissory note need not affirmatively aver non-payment, much less need the complaint in the present action contain this allegation.

The evidence sufficiently establishes the execution and delivery of both the note and mortgage, and the acknowledgment of the latter instrument is in substantial conformity to the requirements of the statute.

While in some of the states the value of the different articles involved in this action must be separately found, such has not been the rule in Colorado. The statute provides that, "in an action for the recovery of personal property, judgment for the plaintiff may be for the possession, or the value thereof in case a delivery cannot be had." This provision has been regarded as satisfied by a finding of the total aggregate value of all the chattels wrongfully withheld.

It is further contended by counsel for appellant that plaintiff's interest in the property was less than its full value, and therefore that judgment, in case a return were not had, should have been only for the principal of the note, and interest. There would, in any event, be but little merit in this contention. The value of the property found by the jury differs so slightly from the amount of the note as to

almost justify an application of the maxim, *De minimis non curat lex.* But in *Machette v. Wanless,* 1 Colo. 225, it is held that the mortgagee is entitled to maintain replevin for the property mortgaged, where it is seized under a prior invalid mortgage, provided *any portion of the debt secured by plaintiff's incumbrance remains* unpaid. If a mortgagee is, by virtue of his contract or otherwise, entitled to maintain replevin against an attaching creditor, in our opinion his recovery may include all the property covered by the mortgage, or, by virtue of the statute, the full value thereof. Besides, many authorities declare that when, as in the present case, the plaintiff in replevin is a stranger to the process under which the officer holds possession, the judgment should be for the full value, though plaintiff's interest may be less.

Other objections to the proceedings in the court below are presented; but they are not deemed important enough to warrant discussion. The judgment is affirmed.

*Affirmed.*