Bissell, P. J.
This judgment is assailed on only two grounds by the arguments of counsel. As we view it the assault is principally on one proposition which respects the testimony on which the verdict was rendered. The legal propositions do not seem to be available under the form of the submission to the jury on the request of the city.
Mrs. Davis sued the city for $16,000 for injuries received while driving over a street in Durango. Otherwise than to state the controversy, a description of the locus would be unnecessary. It will make the decision plainer. We proceed : Mrs. Davis was living on a ranch out of Durango. On the 4th of December, 1896, she drove a pair of horses from the ranch to a house which she owned and which she sometimes occupied on the corner of Fourth street and Fourth avenue in Durango. In the course of her journey she came onto Sixth street, turned southward on Third avenue until she reached the corner of Fourth, when she turned to the east to reach her home which is on the southeast corner of Fourth street and Fourth avenue. About midway between Third and Fourth avenue on Fourth street there was a large pile of rock, the size of which is generally agreed about by the witnesses. It would appear to have been about thirty feet wide and in the neighborhood of 100 feet long, and probably was from twenty to twenty-four inches above the general level of the street. This rock pile was put there either by the direct orders of the city or by its consent for the purposes of a fill and to raise a place which would otherwise be sunken and muddy. The pile seems to have been carefully placed and was measurably straight on its sides and ends and so put as not to be dangerous to public travel, though it projected above the general level of the street. Mrs. Davis reached Durango after dark. The evening was a fairly clear winter’s evening, but there was no moon. There were electric lights at the various crossings which aided the people who had occasion to pass over the street. At the point of the rock pile there was an electric light pole placed *287 some twelve feet from the lot line so that the roadway was to some extent diminished. Evidence was introduced regarding the different ways of reaching Mrs. Davis’s house. The general course of travel in the daytime and perhaps on other occasions was through a vacant block, or the alley, or on to Fourth avenue turning west. Fourth street between Third and Fourth avenues was not so generally used as the other ways. There was evidence, however, of a very considerable user of this street by the public, which drove on it and walked on it, and it was used like other streets in the city, though less generally. The only importance of this evidence was with respect to the contention of the city that enough highway had been left for the purposes of travel to render the street perfectly safe. The municipality contended that it was not bound to prepare the whole street for travel and remove all obstructions from its surface. When the case was submitted to the jury, the court put two questions on which they made special findings. The first substantially asked the jury whether they found from the evidence that a person using ordinary care and prudence could travel along Fourth street from Third to Fourth avenues at the time of the accident without being unnecessarily exposed to injury from the obstruction on the roadway. To this question the jury answered no. They were also asked whether they found from all the evidence that the plaintiff had knowledge of the condition of the street before the injury occurred. To this the jury answered no. There was a good deal of controversy respecting the extent of Mrs. Davis’s injuries. She claimed to have fractured some bones, to have been ruptured, and to have suffered greatly from hernia. The cause was submitted to the jury on the evidence, and under the instructions of the court the jury found a verdict for the plaintiff for about $900. The city excepted and prosecutes this appeal.
We do not intend to enter into a discussion of the weight, force, effect and preponderance of the testimony. It has been clearly argued by 'counsel for the city and with some basis for the position, that the plaintiff’s evidence was not in *288 all respects satisfactory and. that on it a jury ought not to have found a verdict against the city. Whatever may be our own convictions about it, and however unsatisfactory it may appear to us, the matters in issue were correctly submitted under proper instructions and the jury found for the plaintiff. We shall accept that finding as conclusive. It will therefore be assumed Mrs. Davis had no knowledge of this obstruction and that a person using ordinary care and prudence could not travel along Fourth street without being unnecessarily exposed to danger from it. It follows that Mrs. Davis was entitled to maintain her action if the city was bound to keep the street in proper condition for public travel.
There was evidence to the proposition that the street was platted and dedicated, though there was no direct evidence to the point that the street had been accepted by the city. It did, however, very clearly appear that the city undertook the care of the street, granted licenses for the erection thereon of poles for electric lights, and did many other things from which the jury would have a right to find that the city had accepted the dedication and that the street had become one of its public highways. In this state it is well settled that a formal acceptance need not be shown, but that it may be implied from proof which tends to show an acceptance. Town of Salida v. McKinna, 16 Colo. 523; City of Denver v. The Denver & Santa Fé R. R. Co., 17 Colo. 583.
We have been cited to many authorities on this question, but the decisions of our own state are controlling.
The appellant’s counsel next insist, and this is the principal proposition on which they rely, that a city is not bound to keep the entire street or highway in such condition that it is fit for public use, but it is only obligated to keep a sufficient way clear to accommodate the public. We do not intend to pass on this question, nor enter into a review of the authorities to determine how far and to what extent the appellant’s contention is supported by well considered cases. As we look at it the case presents no such question. The *289 court accepted the city’s theory. At its request, it gave 'an instruction that if the jury found Fourth street had been dedicated and accepted and that the city exercised control over it, then they must determine whether there was a sufficient roadway along Fourth street where the accident happened to accommodate the public. The jury were told they must take into consideration how much of the street had been in use and whether it was in the business or residence portion of the city. That the city was not bound to keep the entire surface of its streets in repair, but must make the way reasonably safe for public use, and the jury must determine whether the roadway was wide enough and reasonably safe for travelers who used ordinary care. This is not the instruction in form, nor is it the instruction in its entirety, but it is a sufficiently comprehensive and accurate statement of it on this proposition. The law was given to the jury as contended for by the city and at its request. The only limitation expressed was that the jury must find from the facts that the roadway was sufficiently wide to be safe for persons who used ordinary care and prudence. The jury was distinctly told that the city was not bound to keep the entire street in a safe condition for public travel. This is all the city contends for. Since the jury were instructed as it was insisted the law was, and as the city now insists it is, there is no room for speculation or controversy except as to the sufficiency of the evidence to justify the verdict. This is a matter about which we do not express an opinion. The jury found the facts with the plaintiff on an instruction which the city concedes is the law and there is therefore no question open for review.
This disposes of all the available errors which have been discussed, and since we discover no error in the record the judgment will be affirmed.

Affirmed.

Wilson, J., not sitting.