[No. 4295.]

GIANO v. THE PEOPLE.

1.  **Practice in Criminal Cases—Consolidation—Record.**

On review of a criminal case the ruling of the trial court in consolidating two informations against the same defendant will be sustained unless it affirmatively appears from the abstract of the record that the informations could not properly be joined.

**2. Practice in Criminal Cases—Copy of Indictment and List of Jurors and Witnesses—Waiver.**

In a prosecution for a misdemeanor where the defendant fails to demand a copy of the indictment and list of jurors and witnesses until after arraignment and plea he waives his right to demand such copy and list.

**3. Practice in Criminal Cases—Continuance.**

In the trial of a criminal case, where defendant closed his evidence an hour before the regular adjourning time, it was not an abuse of discretion of the trial court to grant the prosecution a continuance over till next morning to produce rebuttal evidence.

**4. Appellate Practice—Instructions—Record.**

Objections to instructions given will not be considered on review unless all the instructions given are before the reviewing court.

**5. Practice in Criminal Cases—Consolidation—Sufficiency of Evidence.**

Where two informations are properly consolidated and the evidence is sufficient to sustain a conviction under one information and the penalty imposed is within the limits prescribed for that offense a conviction will not be set aside because the evidence is insufficient to sustain the charge under the second information.

**6. Evidence—District Attorneys—Agreement Not to Prosecute.**

A district attorney has no authority to make a valid agreement not to prosecute a person for violating a penal statute and in a prosecution for such violation it was not error to exclude evidence offered by defendant to show such an agreement.

**7. Appellate Practice—Retaxing Costs—Record.**

An assignment of error based on the over-ruling of a motion to retax costs will not be considered where the particulars in which the alleged error was made are not pointed out, and neither the abstract of record nor citations to the transcript furnish any data upon which such an ascertainment can be had.

**8. Practice in Criminal Cases—Juries in County Court—Open Venire—Presumption.**

Where the trial of a criminal case in county court was had before a jury summoned by open venire, in the absence of an affirmative showing to the contrary, it will be presumed that the contingencies existed which authorized the county court to cause the jury to be summoned by open venire.

*Error to the County Court of San Miguel County.*

Two informations were filed against defendant in the county court of San Miguel county. One charged him with selling liquor to Frank J. Callender on the 25th of August, 1900, for his own gain; the other with selling liquor on the same day and to the same person for his own gain and for the gain of Antone Seed, and without a legal license in either case. The causes were consolidated for trial over the objections of defendant. There was a general verdict of guilty upon which a judgment was entered and a fine imposed. Numerous errors are assigned and those argued are disposed of in the opinion.

Mr. R. H. WILSON for plaintiff in error.

Mr. C. C. POST, attorney general, Mr. JAMES D. MERWIN and Mr. GEORGE M. POST, assistants attorney general, for the people.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

The record, or at least the abstract of it, is so unsystematically put together that it has not been easy to apprehend the pertinency or force of some of the objections urged.

1. To the consolidation of the two informations the objection seems to be that, since the sale under the first is alleged to be for the benefit of defendant and under the second for his gain and that of one Seed, the two offenses are entirely distinct and unconnected, hence may not be properly united for trial under sec. 1452 Mills' Ann. Stats., Gen. Stats., sec. 945. From the abstract it does not affirmatively appear that the two informations could not be properly joined. If necessary so to hold, the averment in the second that the sale was in part for the benefit

of Seed might be disregarded as surplusage, and in that event, as we understand the argument of defendant's counsel, the objection now made would fail. It is sufficient, however, to say that the record before us supports the ruling attacked.

2. Sec. 1460, Mills' Ann. Stats., Gen. Stats., sec. 953, requires a copy of the indictment and a list of the jurors and witnesses to be furnished, previous to the arraignment, to every person charged with felony and in all other cases a defendant at his own request or that of his counsel shall be furnished therewith. Upon the day of the trial, two days after arraignment and plea, defendant made a request that the copy and list be furnished him. The court denied the request and defendant excepted. Our statute is substantially the same as, and evidently was taken from, sec. 180 of the Revised Statutes of Illinois, 1845. In *Kelly v. People,* 132 Ill., 363, 371, it was held that before waiving formal arraignment and pleading to the indictment the defendant should have demanded the copy and list and upon being refused, should have excepted and presented the fact of such demand. Not having done so, but making the request for the first time after arraignment and a plea of not guilty had been entered and the cause was on the eve of trial, he cannot be heard to complain. We think this a reasonable construction of the statute. It confers a benefit upon a defendant which he may waive and does so unless he makes the request before arraignment and a plea of not guilty.

Other authorities to the same effect are collated in 1 Bishop's New Criminal Procedure, § 126; 1 Bishop's New Criminal Law, § 997 (3). See also *United States v. Curtis,* 4 Mason, 244; *Cook v. State,* 26 Ga., 593; *Bird v. State,* 50 Ga., 585; *Johnson v. State,* 43 Ark., 391.

3. At five o'clock on the afternoon of the day of

trial, after defendant's evidence was in, the district attorney asked for a continuance until the following morning to produce rebuttal evidence. Over defendant's objection the continuance was had. He now insists that such evidence might have been heard by six o'clock and the trial concluded before an adjournment was taken. There was no abuse of discretion in the ruling of the court.

4. So far as we can ascertain it does not appear that any material error was committed in the admission or rejection of testimony. Indeed the abstract is so unsatisfactory and so little of the record which bears upon the objections reproduced that it has been impossible for us to perceive upon what they rest. Neither can the objections to instructions given by the court be considered. Not all of them are before us, and for this reason alone we cannot pass upon assignments of error as to one or more of the series.

5. We cannot disturb the finding. The evidence was conflicting and the credibility of the witnesses was a matter entirely for the jury. Complaint is made that there was no evidence to sustain the charge under the second information and for that reason the verdict should be set aside. A sufficient reply to this is that the abstract of the testimony is so obviously incomplete that the most careful examination of it will not justify an attempt to decide the point. But it is apparent that if the informations were properly consolidated or if they relate to the same transaction or are closely connected as a part of the same act, there is no force in the objection now urged. Certainly there was testimony sufficient to sustain the charge set forth in the first information and the fine imposed was within the limits prescribed for that offense.

6. An attempt was made to show that defendant had previously been charged with, and tried for, a

similar offense and that a mistrial resulted, whereupon some sort of an arrangement was entered into between defendant and the district attorney whereby defendant was not to be further prosecuted. The court rejected the offer of proof. There was no error in its ruling. We are not aware that the district attorney has the power to suspend the operation of a statute or to make a valid.agreement by which he is to refrain from enforcing the criminal laws of the state. In this we are not to be understood as intimating that any such agreement was made. We merely say that proof of such an agreement, if made, was improper.

7. Whether the court erred in overruling defendant's motion to retax costs we cannot determine. The particulars in which the alleged error was made are not pointed out; neither the abstract nor citations to the transcript furnish any data upon which such an ascertainment can be had. We are not required to search through the transcript for the purpose of discovering or detecting possible error which the party complaining has not seen fit in a proper way to bring to our attention.

8. The most important question discussed is that the court overruled defendant's challenge to the array of jurors. At the time of the trial there was no regular panel of jurors in attendance, and the court thereupon ordered the issuance of an open venire directed to the sheriff for eighteen jurors who were thereupon summoned and brought into court. Defendant then interposed his challenge to the array on account of the method of drawing the jury; his contention being that no effort was made by the court or its clerk to summon the jury through the clerk of the district court in the presence of the sheriff as he claims the statute requires. The statute referred to is found in Session Laws of 1891, p. 248, *et seq.* The

method of summoning and impaneling jurors in the county courts is the same as in the district court, and is substantially this: The county commissioners select a certain number of the inhabitants of the county from a list of taxpayers furnished by the county treasurer, and by the clerk of the board the list is certified to the clerk of the district court. The latter writes upon the ballots the names of the jurors so certified and at a certain time and under certain specified conditions proceeds to draw jurors in the presence of the sheriff. Similar provisions exist for the selection of jurors for the county court when a requisition therefor is made upon the clerk of the district court as the statute provides. Defendant contends that he was entitled to a jury drawn in accordance with such directions. It has been pretty generally held that statutes for the summoning or drawing of jurors, unless otherwise therein expressly provided, are directory in their nature and do not furnish an exclusive method. Our statute does not make exclusive the method therein prescribed under which defendant contends his jury should have been summoned. In sec.5, p.251, it is, on the contrary, expressly provided that if the board of county commissioners shall fail to return a list of competent persons or if jurors shall not be drawn and summoned as therein provided, and a jury is required in either the district or county court, the court shall have power nevertheless to cause a jury to be summoned by open venire as heretofore practiced. It appears that a jury was required in the county court for the trial of this case, and we must presume that the contingencies existed which authorized the county court to cause it to be summoned by open venire. There is no affirmative showing that either of the conditions precedent to the exercise of such power did not exist, and we are at liberty to assume, in favor of the regularity of the

proceedings below, either that the board of county commisisoners did not return a list, or that the clerk of the district court or clerk of -the county court did not draw or cause to be drawn, or the sheriff did not summon, the jurors as the act provides. Our court of appeals in the case of *County Commissioners against Brown,* 2 Colo. App., 473, has decided that in a case like that before us the county court has power to procure a jury by an open venire. A collection of cases in line with our conclusion is found in 12 Enc. of Pleading and Practice, p. 274, *et seq.* The cases cited by plaintiff in error in which the holding was that it was improper to cause juries to be summoned by open venire are not in point. It will be found that the statutes under which they were made are unlike ours and expressly prescribed a method of selecting a jury other than by open venire in the circumstances in which the latter method was employed.

Perceiving no substantial error in the record, the judgment must be affirmed and it is so ordered.

*Affirmed.*