[No. 8199.]

EAST DENVER MUNICIPAL IRRIGATION DISTRICT ET AL. V.
ALTURA FARMS COMPANY ET AL.

1.  APPEAL AND ERROR—*Error Must Affirmatively Appear*, to overcome the presumption of regularity which attends the proceedings of the *nisi prius* courts.  The mere absence of a showing in the record that the county commissioners had failed to return a list of competent jurors, will not sustain an assignment of error that the court summoned a jury by open venire.  (454.)

2. —— *Objections Not Presented Below,* are not considered in the court of review. (454.)

3. —— *Abstract.* Where the abstract shows no exception to the ruling complained of it will not be considered. (454.)

4. EXCEPTION—*Not Assigning Grounds.* An exception to an order, not founded upon any objection, and not stating any ground of exception, will not be considered in the court of review, where, if the ground of the exception had been stated, it might have been at once obviated. (454, 455.)

5. JURY—*Open Venire.* The conditions prescribed by Rev. Stat. sec. 3685, in which a jury may be summoned by open venire, are not exclusive. (454.)

6. EMINENT DOMAIN—*Jury—Freeholders.* Either party to a proceeding under the statute of eminent domain is entitled to a jury of freeholders (Rev. Stat. sec. 2421.) (454.)

That a juror summoned is not a freeholder is a ground of challenge. (454.)

7. BILL OF EXCEPTIONS—*When Necessary.* Affidavits in support of a motion will not be considered when not set out in the bill of exceptions. (455.)

8. NEW TRIAL—*Allegations of Fact in the Motion,* are not to be taken as true. (455.)

9. —— *Process for Witnesses to Establish Grounds of Motion.* Motion for a new trial assigning as ground misconduct of the successful party. Application for process to compel the attendance of witnesses as to the alleged misconduct. There was no statement as to the matters to which the proposed witnesses would or might testify. The court declined to say that the denial of the subpoena applied for was an abuse of discretion. (455.)

*Error to Arapahoe District Court.* Hon. H. S. CLASS, Judge.

Mr. RODNEY J. BARDWELL, Mr. ROY C. HECOX, Mr. EDGAR McCOMB, and Mr. PAUL M. CLARK, for plaintiff in error.

Messrs. DOUD & FOWLER, Mr. DANIEL PRESCOTT, and Mr. E. B. FOWLER, for defendants in error.

Opinion by Mr. JUSTICE TELLER.

The plaintiff in error instituted a proceeding to condemn a right of way across the land of the defendants in error, and the question as to the compensation to be allowed for the right of way was tried to a jury.

It is first alleged that there was error in the summon-

ing of a jury, in that the jury was secured through the issue of an open venire, instead of being drawn from the regular list, as jurors were drawn for service at the beginning of a term.

Counsel urge that there was no showing made of facts which would authorize the court to order the issue of an open venire, the conditions under which it may issue being prescribed by sec. 3685, R. S. 1908.

If counsel were correct in their assumption that the order could issue only in the cases mentioned in the statute, they would still be obliged to show affirmatively that the necessary conditions did not exist, in order to overcome the presumption in favor of the regularity of the proceedings below. *Giano v. People,* 30 Colo. 20, 69 Pac. 504. But the method prescribed by the statute is not in fact exclusive, as this court has distinctly held. Ibid., p. 26. (69 Pac. 504.)

It is next objected that the court should not have ordered a jury of freeholders to be summoned, but as this objection does not appear to have been made below, we are not called upon to consider it.

We are unable to appreciate counsels' contention that there was error in sustaining of challenges to jurors on the ground that they were not freeholders. The statute gives to parties the right to demand a jury of freeholders and the court in sustaining the challenges, merely enforced the right given by law.

It is also urged that the court erred in making an order permitting the jury to view the premises sought to be condemned without requiring the respondent to advance the expenses of the examination.

From the record it appears that when the order was made the attorney for the petitioner saved an exception to it. No ground of objection was stated. It is clear that if the ground now urged had been stated at that time, the order for an advance of the jury's expenses might and prob-

ably would have been made. Failure, in such a case to advise the trial court of the ground of the objection and so afford it an opportunity to pass upon the question, prevents its review here. *Cone v. Montgomery*, 25 Colo. 280, 53 Pac. 1052; *Colo. City v. Smith*, 17 Colo. App. 172, 67 Pac. 909; *Empire Co. v. Lanning*, 49 Colo. 458, 113 Pac. 491.

It is most earnestly contended that the court erred in overruling the motion for a new trial on the ground alleged therein, viz: that in the matter of inspecting the premises defendants in error were guilty of misconduct.

Several affidavits were filed in support of the motion for a new trial, but as they are not preserved in the bill of exceptions, we cannot consider them.

There is, therefore, nothing in the record which establishes that the things were done which are alleged to have constituted misconduct on the part of respondents. While the motion for a new trial is, by statute, a part of the record, the allegations of facts therein are no more to be accepted as true without proof thereof than are the averments of a pleading.

For these reasons we can not consider the alleged error in refusing to grant a new trial.

It is also urged that the court erred in not granting the petitioners application for process to bring in witnesses for examination as to the alleged misconduct of respondents.

That was a matter within the discretion of the trial judge, whose knowledge of the entire case would qualify him to determine as to the necessity for such process. *People v. Phelan*, 123 Calif. 551, 56 Pac. 424.

In the absence of any statement in the application as to what the proposed witnesses would testify, we cannot say that the court abused its discretion in denying the application. A large number of errors are assigned upon the admission and rejection of testimony, but in only three instances does the abstract of record show either objection or

exception to the rulings sought to be reviewed. We have many times held that in such cases we will not look beyond the abstract, and hence cannot consider the alleged errors.

As to the three cases covered by the abstract, we are of the opinion that the rulings were correct.

It is lastly urged that the verdict is excessive, but we find nothing in the record which indicates that the jury acted from passion or prejudice; hence we are not justified in disturbing the verdict.

Finding no error in the record, the judgment is affirmed.

*Judgment affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE HILL concurring.