## No. 11,700.

### SHOLES *v.* CITIZENS STATE BANK OF HOLYOKE.

Decided October 24, 1927.

Action for possession of live stock.  Judgment for plaintiff.

*Affirmed.*

1. PLEADING—*Motion—Waiver.*  Error, if any, in the denial of defendant's motion to make a complaint more definite and specific, is waived by answering.

2. APPEAL AND ERROR—*Pleading—Presumptions.*  Where defenses in an amended answer are stricken because the same as in the original, to which demurrers were sustained, they will be assumed to be the same on review, where the original answer is not set out in the abstract.

3. *Pleading.*  Defenses in an amended answer are properly stricken on motion where they are the same as in the original to which demurrers were sustained.

4. PLEADING—*Demurrer—Answering Over.*  By taking leave to amend, a defendant waives the error, if any, in the sustaining of demurrers to his answer.

5. JURY—*Special.*  Error cannot be predicated on the drawing of a special jury to try a case where it does not appear that there was no cause for using such a jury instead of one drawn from the regular panel.

6. CHATTEL MORTGAGE—*Proceeds of Sale—Possession.*  Right of mortgagee to the possession of mortgaged property is not affected by his failure to apply proceeds from the sale of other security on the indebtedness where it appears that the balance due on the note secured is far in excess of the proceeds derived from such sale.

*Error to the District Court of Phillips County, Hon. L. C. Stephenson, Judge.*

Mr. CLAUDE D. WALROD, for plaintiff in error.

Mr. BEN L. GARMAN, for defendant in error.

*En Banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE bank brought this action against Sholes for the possession of live stock and had verdict and judgment. Sholes brings error.

The stock was claimed by virtue of a chattel mortgage. The defendant moved to make the complaint more definite and certain; the motion was denied, which is assigned as error, but defendant answered which waived the motion. That the objection by demurrer for indefiniteness is waived by answering over is provided by Code 1921, sec. 61, and we have many times so held. There can be no substantial reason why the motion for the same cause should not be waived in like manner.

The amended answer set up three separate defenses. The court struck out the second and third on the ground that they were the same as the originals to which demurrers had been sustained. We must assume that they were the same because the abstract does not set out the original answer; they must be said, therefore, to have been properly stricken. 21 R. C. L. 597; *Hurd v. Smith,* 5 Colo. 233; *Enright v. Midland, etc., Co.,* 33 Colo. 341, 343, 80 Pac. 1041; *Deutsch v. Rohlfing,* 22 Colo. App. 543, 550, 126 Pac. 1123; *Devine v. Western Association,* 70 Colo. 14, 15, 17, 196 Pac. 329. We have, however, examined the transcript and have found no substantial difference.

The question, then, would be whether the original defenses were good against demurrer; but, by taking leave to amend, the defendant waived the error, if any, in sustaining the demurrers to his answer. *Hurd v. Smith, supra; Enright v. Midland, etc., Co., supra.*

The point is made that, against defendant's objection, a special jury was drawn instead of one from the regular panel; but since it does not appear that there was no cause for a special jury, no error appears. *Giano v.*

*People,* 30 Colo. 20, 26, 69 Pac. 504; *Saunders v. People,* 63 Colo. 241, 165 Pac. 781; *East Denver District v. Altura Co.,* 60 Colo. 452, 454, 154 Pac. 100.

It is urged that there was no evidence of anything due on the chattel mortgage notes, but the evidence is clear on that point.

Plaintiff in error claims that the proceeds of certain mortgaged chattels, which were sold in 1925, were not applied on the mortgage notes, but the evidence is that the notes were far in excess of such proceeds, so the right to possession of the chattels here in suit was not affected thereby. *Machette v. Wanless,* 1 Colo. 225. The bank must, of course, ultimately account for such proceeds as may then be shown to be proper.

These conclusions make it unnecessary to consider the other matters in the briefs.

Judgment affirmed.