WILLIAM GREER, appellant *v.* HARRISON WHEELER, appellee.

*Appeal from Jasper.*

Infancy is not a dilatory plea.

O. B. FICKLIN, for the appellant, cited the following authorities:

Chit. on Cont. 31, 33, 260; 5 Johns. 160; 1 Pick. 500; 2 Randolph 478; 10 Johns. 33; 1 Campbell 552–3; 8 East 330; Chit. on Bills 20; 1 Term R. 40; Comyn on Cont. 627; 1 Chit. Plead. 516; 2 Kent's Com. 235; 1 Bibb's R. 519.

BROWNE, Justice, delivered the opinion of the Court:

This is a suit originally instituted before a justice of the peace of Jasper county, in the name of Harrison Wheeler *v.* William

Greer, upon a note of hand. Upon the trial in the Circuit Court, the counsel for Wheeler relied for his defence, upon the fact that the note sued upon was executed and given during the minority of Greer, which said defence the court overruled on the ground that it was in the nature of a dilatory plea, and should have been pleaded before the justice of the peace. The general rule, is, in the case of dilatory pleas, that the party must avail himself of them at the first opportunity, or he waives his right to take advantage of them; and it has been so ruled in the case of Conley *v.* Good.(1) The plea of infancy is not a dilatory plea, but goes to the foundation of the action. The Court below, in overruling the plea of infancy, erred; for which error, the judgment of the Circuit Court is reversed with costs, and the cause is remanded for trial *de novo.*

*Judgment reversed.*