CHARLES W. DEAN

*v.*

JOSEPH GECMAN.

1. PLEADING AT LAW — *filing new pleas — after demurrer sustained — waiver of first pleas.* The practice is well settled, that where a defendant, after his pleas have been adjudged bad on demurrer for substance, takes leave to amend, and files as an amended plea a new and different plea, he thereby waives his first pleas and cannot assign for error the decision of the court sustaining the demurrer.

2. PRACTICE — *finding upon the issue of nul tiel record — when presumed correct.* The finding of a court upon the issue of *nul tiel record* will be presumed correct in the absence of a bill of exceptions.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

The opinion states the case.

Messrs. STORRS & JOHNSTON, for the plaintiff in error.

Mr. W. K. McALLISTER, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court :

This was an action of debt on a judgment brought in the Circuit Court of Cook county by Charles W. Dean against Joseph Gecman.

To the action the defendant filed, first, the plea of *nil debet*, and second, a special plea, averring that the judgment was obtained on an award made by the committee of arbitration of the board of trade of Chicago, setting out in full the act of incorporation of the board, and then averring that the award was not in compliance with the act and was null and void, as not being in conformity with the submission, setting out the article of submission. A third plea was filed attacking the constitutionality of the act of incorporation on grounds set forth in the plea.

The plaintiff demurred severally to each of these pleas, and the court sustained the demurrer, whereupon the defendant asked and obtained leave to amend, which he did by filing the plea of *nul tiel record*, on which the issue was made up, and found for the plaintiff, on which judgment was rendered.

To reverse this judgment, the record is brought here by writ of error, and many errors assigned, which we have carefully examined, as also the argument submitted by the counsel for the plaintiff in error.

The argument is made to bear on the special pleas, but, as they were adjudged bad on demurrer, not for any formal defect, but for substance, and leave given to amend, which was done by filing a new and different plea, it is impossible, under the repeated rulings of this court, that the quality of those pleas, or the facts averred in them, can be now considered. The only question is, was the issue on the plea of *nul tiel record* properly found, which, in the absence of a bill of exceptions, we must presume was correctlh found. *Wann* v. *McGoon*, 2 Scam. 74; *Crisman* v. *Matthews*, 1 id. 148. As the record stands, the

questions discussed by plaintiff's counsel do not arise on it, and are not presented by it. The judgment on which this action was brought was described in the declaration as a judgment rendered by the Circuit Court of Cook county at a certain term thereof, and under the issue made, such a judgment was produced in proof, as we must presume, in the absence of a bill of exceptions; and, being produced, it sustained the issue on behalf of the plaintiff, and nothing remained to the court but to give judgment for him. The record of the judgment imported absolute verity, against which nothing could be alleged save fraud.

We have been referred to the case of *Hamlin* v. *Reynolds et al.*, 22 Ill. 207, as having a direct bearing on this question of pleading. In that case there were three pleas, one the general issue, and the other two special pleas, to which the court had sustained a demurrer. No leave was taken to amend, nor was there any new plea filed, consequently the decision of the court upon the demurrer remained an open question, to be considered on error. The cases are entirely different.

Hard as this case may be upon the plaintiff in error, it is not in our power, having regard to long established principles, to relieve him, and we must affirm the judgment.

*Judgment affirmed.*