## HEATON *v.* MYERS.

1. A plea of *non est factum*, unverified, can serve no purpose in an action of assumpsit when pleaded with the general issue.

2. Whether the principal or agent is the party liable upon a note or bill of exchange, must be determined from the instrument itself. Parol evidence is not admissible in the case of negotiable paper, to charge an unnamed principal.

3. A defendant has no right to continue to present the same defense by different pleas. When a defendant takes leave to amend his plea after demurrer sustained thereto, he waives his right to assign error on the action of the court in sustaining the demurrer.

4. A promissory note, like any other chattel, may be the subject-matter of a contract, but such contract must be supported by an independent consideration. Failure of title to land given in consideration of a note is a good defense in an action on the note.

5. A subsequent written agreement, showing a contingency upon which the payment of a promissory note is to depend, is admissible in evidence under the general issue in an action on the note by an assignee after maturity, against the maker.

6. The question in assumpsit under the general issue is: was there a subsisting debt or cause of action at the time of commencing the suit? Under it the defendant may show performance of the contract declared upon, or any legal excuse for non-performance.

*Error to District Court of Gilpin County.*

MYERS, the defendant in error, brought an action of assumpsit against Heaton, the plaintiff in error, upon the following instrument, which had been assigned to plaintiff after maturity:

"BLACK HAWK, COLORADO, *May* 19, 1873.

Received of George W. Heaton, President of the Sierra Madre Tunnel Company, five hundred dollars in part payment of the sum of five thousand dollars, on payment of which I hereby covenant to him for and in behalf of said company my (160 a) homestead, situate near Black Hawk, aforesaid, together with the fences, houses, tenements, buildings, horses, wagons, tools, water-works, and all and sun-

dry the goods, chattels and property thereon, and I do hereby assign and give over the use and benefit of the said foregoing property, real, personal and mixed, to the said G. W. Heaton, or his order, fully, freely and for all purposes as he may will or designate. Witness my hand, this 19th day of May, A. D. 1873.

$500.00.        PETER C. JOHNSON."

"*May* 19, 1873.

I, the above-named G. W. Heaton, do acknowledge that four thousand five hundred (4,500) dollars are yet due to P. C. Johnson, who has given me a deed for the above-named properties, on the payment by me of five hundred (500) dollars.

G. W. HEATON."

The cause was tried to the court, upon the general issue, the only plea remaining in the record. The agreement adverted to in the opinion of the court as having been made subsequent to the foregoing instrument, and which was offered in evidence by the defendant and rejected, is as follows :

"Memorandum.—Whereas, by a warranty deed, recorded at Central City, Gilpin county, Colorado, from Peter C. Johnson to George W. Heaton, on the 27th day of May, A. D. 1873, a certain title, purporting to convey one hundred and sixty acres in section 17, township 3, range 72 west, was, with all the improvements and other property, real and personal thereon, transferred from the said Johnson to the said Heaton, for the consideration of $5,000 ; and whereas, $500 have actually been paid to the said Johnson by the said Heaton, on his receiving possession of the above from the said Johnson, it is agreed and hereby witnessed between the said parties that the said P. C. Johnson shall prove to the satisfaction of the said Heaton and his counsel the clearness and soundness of the said Johnson's title to the land aforesaid, by all the evidence necessary and possi-

ble, and that such proof shall be made before the payment of the next instalment of the purchase-money.

                                        P. C. JOHNSON. [x]

"Delivered, sealed and signed by P. C. Johnson on the 20th day of June, A. D. 1873, at the Sierra Madre Tunnel Company's works, Black Hawk, Colorado, in presence of

                                        JAMES MCQUEEN."

The plaintiff had judgment for $4,920.

Messrs. H. M. & W. TELLER, for plaintiff in error.

Mr. ALVIN MARSH, for defendant in error.

ELBERT, J. The second plea of the defendant below, denying the execution and delivery of the note declared on, had no force or effect, as it was not verified as required by statute. In an action where it was properly pleadable at common law as the general issue, the plea of *non est factum* would be good, though not verified, and under it, the defendant might insist on any legal defense that he could have done at common law, except denying or disproving the execution of the instrument declared on. *Longley et al.* v. *Norrall*, 1 Scam. 389.

But this was an action of assumpsit. The general issue, *non assumpsit*, was pleaded, and the second plea, which in effect, though not in form, is a plea of *non est factum*, had no place nor served any purpose, so long as it was unverified.

The demurrer to the third plea was also properly sustained. It, in substance, alleges, that the defendant Heaton executed and delivered the note declared on, to Johnson, the original payee, on behalf of the Sierra Madre Tunnel Company, and as the agent of said company, "and that it was not made or intended to be an acknowledgment of any debt due from the defendant to said Johnson."

Whether the principal or agent is the party liable upon a note or bill of exchange must be determined from the instrument itself.

Oral evidence is not admissible in the case of negotiable paper to charge an unnamed principal. In the expressive language of the authorities, a note or bill of exchange, "is a courier, without luggage, whose countenance is its passport." 1 Daniel on Neg. Inst., § 303 ; Byles on Bills, 37 * (6th ed.) ; Story on Agency, § 154, p. 199 (n. 5).

The rule is, as stated by Mr. Story, "if it can upon the whole instrument be collected, that the true object and intent of it are to bind the principal, and not to bind the agent, courts of justice will adopt that construction of it, however informally it may be expressed."

The due bill in this case is a personal acknowledgment of indebtedness to Johnson by the defendant, and there is nothing to disclose that he acted as agent for or on behalf of a principal.

If the due bill be construed in connection with the writing which precedes it, the words, " president of the Sierra Madre Tunnel Company," are but *descriptio personæ*, and would not bind the company as principal. There is nothing indicating that the due bill was made in *execution* of an agency.

The fourth plea was twice amended. As first amended it was demurred to, and the demurrer sustained. As again amended, it was stricken from the files, upon the ground that it was but a repetition of the plea which it proposed to amend. A comparison of the two pleas shows the objection true in fact. There is no substantial difference between the plea as it stood, and the plea as amended ; and it was entirely within the discretion of the court to strike such a plea from the files. A defendant has no right to continue to present the same defense by different pleas (*Parks* v. *Holmes*, 2 Ill. 554), nor may he repeatedly refer to the decision of the court, the legal sufficiency of the same defense, under the guise of an amended plea. The defendant having taken leave to amend his fourth plea, waived his right to assign error on the action of the court, in sustaining the demurrer thereto. *Dean* v. *Gecman*, 44 Ill. 286; *Waun* v. *McGoon*, 2 Scam. 74.

The further additional plea was but a repetition of the defense sought to be set up in the third plea, and was also properly stricken from the files.

It is claimed that the court erred in excluding the subsequent agreement between Johnson and the defendant Heaton. It sufficiently appeared that the subject-matter of this agreement was the note declared on, and the land for the purchase-money of which this note was given.

A promissory note, like any other chattel, may be the subject-matter of a contract, but such contract must be supported by an independent consideration. 1 Daniel on Neg. Inst., § 157.

The agreement offered was under seal, and imported a consideration. Aside from this, however, Johnson's title to the land conveyed was questioned by Heaton. Failure of title was a good defense to the note held by Johnson for the purchase-price. *Mason* v. *Wail et al.,* 4 Scam. 127; *Gregory* v. *Scott,* id. 392.

Johnson was also liable on his covenant of warranty in case of eviction. The settlement of these disputes without resort to litigation was a sufficient consideration for the agreement of Johnson not to demand further payment of the purchase-money until he had submitted satisfactory evidence touching the validity of his title. Nor, as urged by the appellee, was the agreement void, as imposing an impossible condition.

The condition that Johnson should prove to the satisfaction of Heaton and his counsel, the clearness and soundness of his title to the land, " before payment of the next instalment of the purchase-money," only required such proof of title as a reasonable man would be bound to accept, and which a court of justice would not permit him to arbitrarily reject. Myers having taken the note after maturity, his action was subject to the same defenses as if Johnson, the payee, had been plaintiff. Was this agreement admissible under the general issue? The doctrine of the general issue is exceptional, and under the authorities, the defenses

not admissible under this issue are very limited. It was held in the case of *Munro* v. *King*, 3 Col. 238, that a written agreement, cotemporaneous with the note declared on, and the effect of which was to prescribe a contingency until the happening of which no action could be maintained, was admissible under the general issue. We are unable to see any sufficient reason for saying that a subsequent written agreement, making the payment of a note conditional, should not likewise be admitted under the general issue.

Under the authorities, the fact that it is a *subsequent* agreement would not operate to exclude it. Payment, release, a specialty given for the debt, a judgment rendered for either party in a former action for the same cause, an award of arbitrators deciding the right in question, and accord and satisfaction, all imply subsequent matter, and yet are all good defenses under the plea of *non assumpsit.* Gould's Plead., § 47 *et seq.*

The few defenses which are held not admissible under this issue, are such as admit the debt, but go in denial of the remedy only. Gould's Plead., § 57.

The written agreement offered in evidence does not admit the debt; on the contrary it excludes any liability on the part of the defendant, except upon a condition precedent.

The question in assumpsit upon the general issue is, was there a subsisting debt or cause of action at the time of commencing the suit? 2 Tidd's Prac. 647.*

Under it the defendant may show performance of the contracts declared upon, or any legal excuse for non-performance. Ib.

Unimpeached, this agreement, together with the testimony of Heaton, that the proofs of title stipulated for, had not been produced, presented a legal excuse for non-payment of the note declared on. They disproved any subsisting debt or liability at the time of the commencement of the suit.

The court erred in refusing to admit it in evidence.

The agreement concerns alone the purchase-money remaining unpaid. The rights of the parties respecting the land conveyed, and the five hundred dollars purchase-money already paid, are not involved and need not be determined.

The judgment of the court below is reversed, and the cause remanded for further proceedings according to law.

*Reversed.*