THE PHENIX INSURANCE COMPANY

v.

JOHN STOCKS AND EMMA STOCKS.

*Fire Insurance—Action on Policy—Conditions—Title—Arbitration—Practice—Amendment—Continuance.*

1. The possession of a warranty deed does not justify the inference that a party has a title in fee-simple.

2. The "guess" of a person that he has a title in fee simple, does not amount to a representation to that effect.

3. Where an agent fills out for a client an application for fire insurance and states the title to be in fee simple, believing that the possession of a warranty deed amounts to such title, it being shown that the title was not in fee, it can not be claimed that misrepresentation or fraud was practiced on the company.

4. An application for fire insurance is not a part of the contract in so far as to require that it shall be set out in the declaration in an action brought to recover upon a policy.

5. If the insurer when sued desires to raise any issue of fact as to representations therein, he must plead specially.

6. In the case presented, this court holds that the point advanced by the defendant that suit could not be brought under the provisions of the policy until there had been an arbitration, was not well taken, each party having to act in the selection of arbitrators, and no step having been taken by it to that end.

[Opinion filed September 11, 1891.]

APPEAL from the Circuit Court of Williamson County; the Hon. GEORGE W. YOUNG, Judge, presiding.

Mr. W. W. CLEMENS, for appellant.

Messrs. DUNCAN & RHEA, for appellees.

SAMPLE, J.   This suit was brought on an insurance policy to recover damages on account of a loss sustained by the burning of a dwelling house and its contents.   John Stocks, the husband, owned the personal property, while his wife, Emma Stocks, had a deed to the premises on which the house was situated, which conveyed the same to her and her bodily heirs. John Stocks obtained the insurance from appellant's agent, and signed the application.   The application and policy run to both, as if each were joint owners of the real and personal property, although the agent knew otherwise.   In the application it is stated that the title is fee simple, and the policy provides if the title is not fee simple then the policy shall be void.   If there was no more to the case than as above stated the defense would be complete.   The evidence, however, shows that the agent of appellant wrote the application and was informed that the wife had a deed to the property, and as the agent testified, it was represented to be a warranty deed and the applicant *guessed* the title was fee simple, and therefore the agent so entered it.   The applicant, John Stocks, denied that he made such a statement to the agent, but testified that he informed him that his wife had a warranty deed, and further states that he does not know what a fee simple title is.   The agent also testified that when a party represents that he has a warranty deed to property it justifies the inference that the title is fee simple.   In this he is evidently mistaken, no such inference from such a representation is legally justifiable, as was said in the case of Rockford Ins. Co. v. Nelson, 65 Ill. 415.   A warranty deed may pass a term of years, a life estate, a fee or less estate, or it may pass no estate whatever.   It, no more than any other kind of a deed purporting to convey title, can pass a present title, unless it is first in the grantor.   Even if John Stocks said that he *guessed* that the title was fee simple, that would not be what would be termed a representation that it was fee simple.

It was a mere random judgment or conjecture without sufficient or decisive grounds upon which to base it. No one in a business transaction would rely upon a mere guess. If it was to be relied upon, then the insured party was entitled to have it stated in the application as he had made it, in which case no one would claim, if he was mistaken in his guess, that it would work a forfeiture of the policy.

It is quite evident that the agent thought a warranty deed practically meant a fee simple title, and therefore so wrote it in the application.

In this view there was no misrepresentation or fraud practiced on the company. As was said in the Nelson case, *supra*, under a misrepresentation that the title was a warranty deed, all the insured would have to prove would be that his interest was an insurable one, which is not questioned in this proceeding.

The point made that there could be no suit brought under the provisions of the policy until there had been an arbitration, is not well taken; each party had to act in the selection of the arbitrators. That provision was as much for the benefit of the insurer as the party insured. It manifested no disposition to act in the matter. On the contrary, the correspondence clearly indicates that it doubted the *bona fides* of the loss, and therefore, in effect, declared that it would remain passive, and do nothing actively that would even tend to bring about an adjustment.

This disposes of the principal errors assigned. In noticing some others the conclusion is reached that it was not error to grant leave to amend the declaration increasing the *ad damnum*, nor to deny the motion for a continuance, on the ground that a copy of the application had not been filed with the declaration ten days before the term.

The application was not a part of the contract in the sense that it was necessary that it should be set out in the declaration, as has been repeatedly held, and for this reason: because there is nothing in it of which the insured in his declaration is required to affirm or deny. The insurer, when sued, if he desires to raise any issue of fact as to representations therein,

O. & M. Ry. Co. v. Cullison.

must plead specially. Continental Ins. Co. v. Rogers, 119 Ill. 474.

The court, therefore, erred in permitting appellant to introduce evidence as to false representations under the general issue.

This error, however, cured the error, if one, of which appellant now complains, in the refusal of the court to permit it to file a special plea setting up such facts. It got the full benefit of all the evidence it could have introduced under such a plea, and therefore was not injured.

It is not deemed necessary to notice the other errors assigned, as appellant relied upon those already discussed. The judgment is affirmed.

*Judgment affirmed.*