## Danvers Mutual Fire Ins. Co. v. John B. Schertz.

1. INSURANCE—*Warranty of Title of the Insured Property.*—Where the legal title to the insured property was in the plaintiff's wife, and one of the warranties in the contract of insurance is that the applicant was the owner of the property, but the agent of the company at the time the policy was issued was advised of the fact, it is too late, after a loss,

for the company to take advantage of the warranty as to the title of the insured premises.

2. SAME—*Holders of Equitable Titles Have Insurable Interests.*—A party who purchases property with his own funds, but, as a matter of convenience, has the same conveyed to his wife, has an insurable interest in such property.

3. SAME—*Breach of Warranty to be Specially Pleaded.*—Advantage of a breach of warranty in the application for insurance as to mortgages on the premises, can only be taken under a special plea setting up the facts.

Assumpsit, on a policy of insurance. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1898. Affirmed. Opinion filed October 5, 1898.

HART & HOFFMAN and WELTY & STERLING, attorneys for appellant.

WILL & WHITMER and SAMPLE & MORRISSEY, attorneys for appellee.

MR. JUSTICE GLENN delivered the opinion of the court.

This action was instituted in the Circuit Court of McLean County by the appellee, John B. Schertz, against the appellant, to recover on a policy of insurance issued by appellant company. The particular building insured was a hewed log house a story and one-half high, with a shingle roof, and a board kitchen annexed. It was insured for $100. It was subsequently destroyed by fire. The declaration contained but one count. To the declaration the appellant filed six pleas. To the second, third, fourth and fifth a demurrer was sustained. The first was the general issue. In the sixth it was alleged that appellee in his application falsely and fraudulently represented, when he made application for his insurance, that he was the undisputed owner of the premises. Appellee, by replication, denied the averments in this plea; issue was joined, a jury waived by agreement, and a trial had before the court, who, after hearing all the evidence offered, rendered judgment for appellee for the sum of $50.

If appellee had at the time of the issuing of the policy of

insurance and the time the premises were destroyed by fire an insurable interest in the same, then, under the issues in this case he was entitled to recover, and the judgment of the court below should stand.

It is claimed on behalf of appellant that as the legal title to the insured premises is in appellee's wife, and that one of the warranties in the contract of insurance was that appellee was the owner of the premises, that thereby there has been a breach of this warranty and appellee can not recover.

It is true the legal title to these premises was in the wife of appellee at the time the risk was taken, and also at the time they were destroyed by fire: but the agent of the company at the time the policy of insurance was issued was advised of such fact, and the company can not now take advantage of this clause in the policy above referred to and avoid payment on that account. Fireman's Ins. Co. v. Horton, 170 Ill. 268; Home Ins. Co. v. Mendenhall, 164 Ill. 458. It is true there is a conflict in the evidence on this point, but appellee testifies positively that the agent knew the title was in his wife, while the agent simply testifies he does not recollect that he was notified. The trial judge heard them both testify, and observed their manner and conduct on the witness stand, and gave the greater weight to the testimony of appellee, and, taking into consideration his superior opportunities for weighing their evidence, over ours, we are not disposed to interfere with his finding of fact.

While the legal title rested in the appellee's wife, the equitable title was in appellee.

It appears from the evidence he purchased the premises and paid for them with his own funds; has been in continuous possession of the same, received all the rents and profits and proceeds therefrom as his own, all the time under the claim of absolute ownership. The title was there held as a matter of convenience, and there was a writing to that effect that Mrs. Schertz so held the legal title. Under these undenied facts, it would seem clear that appellee had an

insurable interest in these premises. Home Ins. Co. v. Mendenhall, *supra.*

Under the pleadings in this case appellant is not in a position to take advantage of any breach of warranty in the application for insurance as to the mortgages on the premises. This can only be taken advantage of under a special plea setting up the facts. None is filed. Phoenix Ins. Co. v. Stocks, 40 Ill. App. 64.

Judgment of the Circuit Court affirmed.