Thomson, J.
Action for breach of covenants of warranty in a convey *362 anee of real estate. A demurrer for want of facts was sustained to the complaint, and the plaintiff amended. On motion the amended complaint was stricken out on the ground that it was not an amendment, and added nothing, in any material particular, to the averments of the original complaint. The court then entered judgment for the defendant. The plaintiff prosecutes error.
The first complaint set out in full a deed from the defendant to-the plaintiff and two others, executed on the 24th day of February, 1880, and alleged the conveyance by the other grantees to the plaintiff of their interests in the premises. The following are the covenants contained in the deed:
“And the said Herman Richner, party of the first part, for himself,, heirs, executors and administrators, doth covenant, grant, bargain and agree to, and with the said parties of the second part, their heirs and assigns, that at the time of the ensealing and delivery of. these presents well seized of the premises above conveyed, as of good, sure, perfect, absolute and indefeasible estate of inheritance, in law, in fee simple, and hath good right, full power and lawful authority to grant, bargain, sell and convey the same, in manner and form aforesaid, and that the same are free and clear from all former and other grants, bargains, sales, liens, taxes, assessments and incumbrances of whatever kind or nature soever, and the above bargained premises, in quiet and peaceful possession .of the said parties of the second part, their heirs and assigns, against all and every person or persons lawfully claiming, or to claim the whole or any part thereof, the said party of the first part shall and will warrant and forever defend.”
The complaint then proceeded with the following averments :
“ On or about July, 1886, one J. O. Ryan and others — who then were and theretofore had been tenants of said property and premises having the same by lease from plaintiff — falsely and wrongfully claimed to own and hold said property and premises under and by virtue of a tax sale of said property *363 and premises, and then and thereafter refused to pay rent to plaintiff; and plaintiff in order to regain his rights in the property and premises was compelled to bring suit against said Ryan and others, and did bring suit in the United States court, sitting in and for the district of Colorado against them, and after long litigation and heavy cost and expense, plaintiff succeeded in said suit in said court in ousting said Ryan and others and in maintaining plaintiff’s right and title in all said property and premises.
“ Previous to bringing said suit, and before incurring any expense therein, plaintiff herein informed and gave notice to defendant herein of said claim of said Ryan et al., and demanded of defendant herein that, in accordance with the warranties in said deed, he should protect plaintiff from said claims of said Ryan et al.
“ Contrary to the warranties in said deed, herein above set out, defendant then and ever since has wholly failed, neglected and refused to so protect plaintiff, and the cost and expense and loss and damage to plaintiff by reason of said suit was, and is the sum of $2,500.
“ On or about June 25, 1887, and during the pendency of the above mentioned litigation, one W. H. Brisbane brought suit in the district court of Lake county, Colorado, against plaintiff herein in ejectment, in which suit said Brisbane claimed to own said property and premises, and attacked the title and possession of plaintiff herein, and thereupon and immediately after the bringing of said suit of said Brisbane against this plaintiff, this plaintiff informed and gave notice to defendant herein that the title and possession of this plaintiff, of, in and to said property and premises, was by said Brisbane menaced and attacked in and by said suit, and then demanded of defendant herein that defendant herein in accordance with the warranties of said deed, should protect and defend plaintiff herein from said claims of said Brisbane.
“ Contrary to the express covenants and warranties in said deed hereinabove set out, defendant then and ever since failed and neglected and refused to so protect plaintiff in *364 said suit of Brisbane against this plaintiff, and this plaintiff was compelled in order to protect his title and possession of and in said property and premises to defend against said suit of Brisbane, and the cost and expense and loss and damages necessarily incurred by plaintiff in defending in said suit of Brisbane and in protecting the title and possession of plaintiff of, in and to said property and premises amount to, and are the sum of $800; and by reason of the acts and doings, and the neglect and failure and breaches of covenant of defendant as hereinabove set out, and the necessary costs incurred, and expenses and the losses and damage suffered by plaintiff, caused by defendant as hereinabove set out, plaintiff has suffered loss and damage, and defendant is justly indebted to plaintiff in the sum of $3,300:”
The amended complaint was the same as the original throughout, except that in relation to J. C. Ryan and others, it stated that they falsely and wrongfully claimed to own the premises under a tax sale for a tax levied and assessed in 1879; and that, in relation to W. H. Brisbane, his claim was based on a “ paper writing in the form of a conveyance,” executed on the 21st day of October, 1879, by the defendant, purporting to quitclaim all his right, title and interest in the premises to one N. T. Van Natta, averring that at the time’of the execution of the quitclaim, the defendant “had not any right, title, interest, claim or demand, whatsoever, or any color thereof, in and to the premises.”
The original complaint stated no cause of action, and the added allegations of the amended complaint did not supply the deficiencies of the other. It was said that J. C. Ryan and others claimed to own the property by virtue of a tax sale, but it was also said that the claim was false. According to the allegation the claim was entirely without foundation, and was a pretense. The amended statement that they falsely claimed the property by virtue of a sale for taxes levied in 1879, added nothing of any importance to the original. If their claim was false, it is immaterial to what levy of taxes they referred it. Besides, no title passes by a sale for taxes. *365 The owner has three years in which to redeem, and it is only in the event that he does not, that when the statutory period has elapsed a deed issues to the purchaser. For aught that appears, if there was such a sale, the defendant redeemed from it and no deed was ever made. There is, however, no allegation that a sale for taxes ever took place. The pleading undertook to state what J. C. Ryan and others claimed, but not what the facts really were. In the litigation to which their claim gave rise the judgment was against them; so that the plaintiff in asserting that they had no claim, is supported by the judgment of the court. The covenant was that the premises were free and clear from all taxes, and it was not shown in either complaint that there were any unpaid taxes against the property prior to the execution of the deed under which the plaintiff claimed. It did, however, affirmatively appear from both pleadings that the claim which was made on account of taxes was- not only without validity, but was grounded in falsehood. ISTo breach of the covenant against taxes was disclosed by the complaint.
Respecting the title set up by W. H. Brisbane, the first complaint said merely that he claimed to own the property. It did not set forth the nature of his claim. The amended complaint stated that he claimed through a “paper writing ” in the form of a conveyance or quitclaim deed, made by the defendant to N. T. Van Natta some time before the deed under which the plaintiff holds, was executed. It also stated that when the “paperwriting ” was made, the defendant had no right or interest of any kind in the property. If this was true, Van Natta took nothing by the quitclaim. The amended complaint did not dignify the instrument by the title of a conveyance, and it is quite evident that the pleader did not regard it as a conveyance. That the paper was a conveyance, or had the effect to pass any title was negatived, not only by the allegation that when it was made the defendant had no interest in the property, but also by another allegation which appears in both complaints, that “ ever since said Februáry 24, 1880, plaintiff has been and now is the owner of said prop *366 erty and premises.” If the “ paperwriting ” from the defendant to Van Natta had conveyed title, then the plaintiff was not the owner, and the allegation was untrue. But we must take the plaintiff at his word and accept his statement as correct, and, upon the hypothesis of its truth, the “ paper-writing ” did not affect the title which the plaintiff acquired, and its existence was no breach of the covenants that the premises were free and clear from all former and other grants, bargains and sales. The amended complaint stated that in 1887, Brisbane claiming by quitclaim from Van Natta, brought suit in ejectment against the plaintiff and menaced and attacked his title and possession. What became of that suit was not disclosed. Whether the plaintiff answered and a trial was had, or whether Brisbane forthwith dismissed it, nowhere appears. But whatever happened to the case it does appear that the title of the plaintiff was not disturbed, and that notwithstanding Brisbane’s assault, he remained and still continues the owner of the property. The covenant, the breach of which the allegations concerning Brisbane’s proceedings are supposed to undertake to charge, was that the premises were free and clear from all former and other grants, bargains and sales, and according to the plaintiff’s averments,the “paper writing” amounted to nothing except as a pretext for a lawsuit, and was not a grant, bargain or sale. The amended complaint left Brisbane just where the original complaint placed him, as a mere assertor of a claim, and of a claim which had no merit.
The theory of plaintiff’s counsel seems to be that the defendant, by virtue of his covenants, was bound to defend the plaintiff against every adventurer who might see fit on any pretext to assail his title, but the general covenant of warranty contained in the deed, was to defend the title against lawful claims only, and that the claims, on account of which a recovery is sought, had any foundation in law or equity, there was an utter failure to show.
The purpose of an amendment to a pleading is to supply omitted statements which are necessary in the constitution of *367 a cause of action or of a defense, and a restatement of the same matters in a different form, or the addition to the original of immaterial averments, is not an amendment. The difference between the first complaint and the second consisted in words and not in substance, and the latter was properly stricken out. Hurd v. Smith, 5 Colo. 233.
The judgment is affirmed.

Affirmed.