# April Term, 1905.

[No. 4563.]

## ENRIGHT v. THE MIDLAND SAMPLING AND ORE COMPANY.

1. **Pleading—Amendment—Waiver.**

   By taking leave to file and filing an amended complaint, plaintiff waived any error committed by the court in sustaining a demurrer to a former amended complaint.

2. **Pleading—Amendment—Repetition—Motion to Strike.**

   Where an amended complaint is in effect but a repetition of the one which it purports to amend, a motion to strike for that reason should be sustained.

3. **Pleading—Amendment—Parties—Misjoinder.**

   In an action against two joint defendants, where a demurrer was sustained to the complaint, but the demurrer raised no question with respect to the misjoinder of parties defendant, an amended complaint which withdrew all causes of action against one of the defendants, but repeated the allegations of the former complaint, in substance, against the other defendant, made no material change, and a motion to strike was properly sustained.

4. **Pleading—Practice—Demurrer—Motion to Strike.**

   The filing of a motion to strike a complaint at the same time a demurrer thereto was filed was not good practice, but where plaintiff was not prejudiced thereby, a motion by plaintiff to strike defendant's motion was properly overruled.

*Appeal from the District Court of El Paso County: Hon. Louis W. Cunningham, Judge.*

Appellant, as plaintiff, brought an action against appellee, as defendant, and also The Colorado Midland Terminal Railway Company, to recover possession of a tract of real estate, and damages for the alleged wrongful detention thereof. Such proceedings were had after the issues were formulated and

a trial on the merits commenced, that plaintiff asked and obtained leave to amend his complaint. Instead of amending, he filed an amended complaint. To this pleading a demurrer was interposed and sustained. Again plaintiff requested leave, and was permitted to file a second amended complaint. To the latter the defendant interposed a motion to strike, and for judgment of dismissal, and simultaneously, a demurrer thereto, expressly stating in the latter that it was without waiver of, and subject to, the motion to strike, and for judgment. The motion was made upon the ground that the amended complaint was in substance and effect the same as the one to which the demurrer had been sustained. There was no material difference between the two amended complaints, except that the last did not make the railway company a defendant, but the demurrer interposed to the first amended complaint did not raise the question of a misjoinder of parties. Neither was there any difference in the averments of the two amended complaints with respect to the ultimate facts, although in the last the evidential facts stated were somewhat different. Plaintiff filed a motion to strike the motion of defendant, which was denied. This motion was based upon the ground that the defendant had filed general demurrer to the pleading to which its motion was directed. The motion of defendant was sustained, and the cause dismissed. Plaintiff appeals, and assigns as error the action of the court in sustaining the demurrer to the first amended complaint, the motion to strike the second amended complaint and for a dismissal of the cause, and the refusal of the court to strike this motion of defendant.

Messrs. Perkins & McParlin, for appellant.

Mr. Wm. O'Brien, for appellee.

. CHIEF JUSTICE GABBERT delivered the opinion of the court.

By taking leave to, and filing an amended complaint, the plaintiff waived any error committed by the court in sustaining the demurrer to the first amended complaint.—*Perrigo G. M. & T. Co. v. Grimes,* 2 Colo. 651; *Heaton v. Myers,* 4 Colo. 59; *Hurd v. Smith,* 5 Colo. 233; *Rockwell v. Holcomb,* 3 Colo. App. 1.

. For this reason, the alleged error of the court in sustaining the demurrer cannot be reviewed here. There are exceptions to this rule, but on the questions presented by this case, it does not fall within any of such exceptions.

The right to amend a complaint when leave is granted for that purpose, does not contemplate that the averments of the original shall be practically restated. When an amended complaint is, in effect, but a repetition of the one which it purports to amend, a motion to strike for that reason is well taken.—*Heaton v. Myers, supra.*

A comparison of the two amended complaints discloses that the latter was but a repetition of the former. The fact that in the latter all causes of action were withdrawn against the railway company was not a material change, for the reason that the demurrer interposed to the first amended complaint raised no question with respect to the misjoinder of parties defendant. There was no difference in the two as to the statements of ultimate facts, although evidential matters were given in somewhat different and greater detail. This, however, was not a material change.—*Bush v. McMann,* 12 Colo. App. 504. The court did not err in sustaining the motion to strike.

The motion of the plaintiff to strike the motion interposed by the defendant was not well taken. We

do not approve the practice of filing a motion to strike a pleading simultaneously with a demurrer thereto, but the plaintiff was not prejudiced by that course in this case. The motion of defendant was properly sustained. The plaintiff cannot complain of a proceeding merely irregular, which did not injuriously affect his rights.—*Kindel v. Lith. Co.,* 19 Colo. 310.

The judgment of the district court is affirmed.

*Affirmed.*

JUSTICES GUNTER and MAXWELL concur.