### Royal Neighbors of America v. Marie B. Sinon.

#### Gen. No. 4,863.

1. PLEADING—*when demurrer properly sustained to.* A plea which sets up two separate defenses, each of which the defendant claims to be perfect and complete, is double and obnoxious to demurrer.

2. AMENDMENT—*what waiver of action of court in refusing to allow.* A defendant by procuring leave to have a plea reinstated and stand as originally filed before it was amended, waives any right to assign error on the refusal of the court to permit it to be further amended.

3. RULES OF COURT—*effect of.* Rules of court are obligatory upon the court itself, as well as upon the parties, and must be administered according to their terms while they remain in force.

4. PLEA—*when refusal of court to permit filing of additional, proper.* The action of the trial court in refusing leave to file an additional plea is proper where no showing of cause for interposing such plea is made, as required by rule of court.

5. GENERAL ISSUE—*what cannot be shown under.* A breach of warranty with respect to an insurance policy cannot be shown under the general issue, even though the statements contained in the application are expressly incorporated into the policy by reference thereto.

6. CROSS-EXAMINATION—*what not undue restriction of.* Cross-examination which seeks to elicit matters which pertain to an affirmative defense is properly restricted where no reference to the matter sought to be elicited was made upon the direct examination.

Assumpsit. Appeal from the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the April term, 1907. Affirmed. Opinion filed August 6, 1907.

**Statement by the Court.** This suit was begun in *assumpsit* on the 31st day of May, 1906, in the Circuit Court of La Salle county, by Marie B. Sinon against the Royal Neighbors of America, a fraternal life insurance company. On the 28th day of September, 1906, a declaration consisting of one count was filed alleging that on the eleventh day of May, 1904, the defendant made its benefit certificate for a valuable consideration, and delivered the same to one Kate Sinon, the mother of Marie B. Sinon, the plaintiff, and promised to pay the plaintiff $1,000 provided said Kate Sinon should pay all subsequent assessments levied against her. It is further alleged that Kate Sinon died February 8, 1906, of which fact the defendant had due notice, and that at the time of her death Kate Sinon was a member of a subordinate camp of the defendant in good standing. It is also alleged that the plaintiff furnished the defendant proper proofs of death under said certificate, and that said Kate Sinon during her lifetime paid all assessments levied against her, and performed and complied with all the conditions and stipulations in the certificate. Attached to the declaration is a copy of the benefit certificate, which contains a clause that it is issued upon certain express warranties and agreements, amongst which are the following: that the application and medical examination for membership in the beneficiary depart-

ment of this society on file in the office of the bene-
ficiary recorder is hereby referred to and made a part
of this contract, and that the literal truth of such ap-
plication and each and every part thereof shall be held
to be a strict warranty; that should said application
and each and every part thereof not be literally true
the benefit certificate shall be absolutely null and void.
No part of the application or of the medical examina-
tion is attached to the benefit certificate or to the dec-
laration.

On the 6th day of October, 1906, the defendant filed
three pleas as follows: first, a plea of the general
issue; second, a specific plea setting forth the second
of the answers made in the application which is, "2.
I was born in the state of Pennsylvania on the 30th
day of Jan. 1860, and am now between 44 and 45
years of age. Are you married? Widow." "I have
verified each of the foregoing answers and statements
from 1 to 33 both inclusive, adopt them as my own
whether written by me or not, and warrant that they
are full, complete and literally true   *   *   *   and I
further agree that if any answer or statement in this
application is not literally true   *   *   *   that my
benefit certificate shall be void   *   *   *   and I
further waive the provisions of any law providing for
or relating to attaching a copy of this application or
making it a part of any benefit certificate which may be
issued thereon." Defendant avers that said applica-
tion was the basis of and the consideration for the
said benefit certificate. The plea further sets forth
the benefit certificate the same as in the declaration,
and avers that Kate Sinon in her application agreed
that she was born on the 30th day of January, 1860,
and was at the time she made her application between
44 and 45 years of age, and avers said answer was
false and untrue and alleges that she was born long
prior to January 30, 1860, and at the time of making
of said application she was more than 45 years of
age, by reason of which breach of warranty said bene-

fit certificate was null and void and "this the defendant is ready to verify." Third, a special plea setting forth the same answer to the second question as is set forth in the second plea, the agreements and warranties concerning the same, the benefit certificate, a by-law of said society, sec. 237, as to whom may become members, providing "that such application shall be completed   *   *   *   before the applicant has obtained the age of 45 years." Sec. 262, "Each member shall pay assessments according to the following table of rates:

| Age at Nearest Birthday. | $500. | $1000. | $2000. |
|---|---|---|---|
| From 17 to 23 | .20 | .40 | .80 |
| From 42 to 45 | .40 | .75 | ." |

The plea concludes with an averment that neither at the time Kate Sinon made the application, nor at any time since, was she qualified to become a member, in that at said time she was past forty-five years of age, and that said answer that she was between forty-four and forty-five years of age was untrue, etc.

On January 14, 1907, the case was set for trial for January 28th. On January 21st, the plaintiff filed a motion for leave to file the common counts with an affidavit attached showing cause. The motion was allowed and the common counts were filed and issue joined on the pleas. On January 26th, the defendant by a motion asked leave to amend its first special plea. This motion the court allowed. On January 29th the first special plea was amended by inserting, subsequent to questions two and its answer, question thirty-three and answer, as follows: "33 (A)   Are you married?....(B)   Are you single?....(C)   Are you a widow? Yes. (D)   Give occupation of your husband if living..... (E) If a widow give cause of death of your husband. Bright's Disease. (F)   Date of death? March 8, 1903.   (G.)   Give date of last marriage? February 18, 1880," and adding after the words "this

the defendant is ready to verify" in the original plea, an averment that the said Kate Sinon in her application warranted and agreed that the date of her last marriage was February 18, 1880, and that said answer was untrue, and an allegation that Kate Sinon was married the 18th of February, 1876, by reason of which false statement and breach of warranty said certificate sued on became null and void, and this the defendant is ready to verify. On January 29th the plaintiff moved to strike the amended special plea from the files. This motion was overruled. The plaintiff then demurred to the plea on the ground of duplicity in that it alleged a breach of warranty as to the age and date of birth of plaintiff, and that it alleged a breach of warranty as to the date of her last marriage. The court sustained the demurrer. The defendant then moved for leave to amend the plea by striking out of the plea the first paragraph of the last page. This motion the court overruled. The defendant then moved the court that the plea might stand as originally filed. This motion the court allowed, and also ordered that the replication as originally filed stand in the plea. The defendant then moved the court for leave to file an additional plea concerning the date of Kate Sinon's marriage. The plaintiff objected and offered in evidence before the court rule thirteen of the rules of that court, as follows: "13. No cause shall be set for a particular day until at issue, and no change in pleadings shall be allowed after the cause is set unless good cause is shown by affidavit." The defendant did not offer to make any showing of cause for leave to file the additional plea, and the court overruled the motion. On the same day, January 28th, the trial was begun and a verdict was returned for the plaintiff for $1,033. The defendant made a motion for a new trial which was overruled. Judgment was rendered on the verdict and the defendant appeals.

BENJAMIN D. SMITH and McDOUGALL & CHAPMAN, for appellant.

BUTTERS, ARMSTRONG & FERGUSON, for appellee; ROBERT CARR, of counsel.

MR. JUSTICE THOMPSON delivered the opinion of the court.

It is first insisted the court erred in sustaining the demurrer to the amended first special plea. The plea set forth a warranty as to the age of Kate Sinon and another warranty as to the date of her marriage. It then avers that by reason of the breach of warranty as to her age the policy is void and ''this the defendant is ready to verify,'' and then avers a breach of warranty as to the date of her marriage and by reason thereof the policy is void, and this also ''the defendant is ready to verify.'' Two separate defenses, each of which the defendant claims to be perfect and complete, are set up in the same plea and it was clearly double. Louisville, New Albany & C. Ry. Co. v. Carson, 169 Ill. 247; Gould on Pl., 389; 1 Chitty on Pl., 225, 531.

The defendant by procuring leave to have the plea reinstated and stand as originally filed, before it was amended, also waived any right to assign error on the refusal of the court to permit it to be further amended by striking out the first paragraph of the last page— the paragraph alleging breach of warranty concerning the age. Dean v. Gecman, 44 Ill. 286; Wickham v. Hyde Park B. & L. Assn., 80 Ill. App. 523.

The defendant had filed its pleas October 6, 1906. The case was on January 14th set for trial for January 28, 1907, and was called for trial, when appellant asked leave to file an additional plea. It did not offer to the court any excuse why it was not filed with the original pleas, nor any showing why it should be permitted to file a plea making a new and additional defense at that late date when the case was called for trial. The application was in the possession of the appellant. A copy of it was not attached to the policy. The appellee had on February 21st asked and ob-

tained leave to file the common counts for the purpose of securing the interest on the claim, and had filed an affidavit showing a reason for the exercise of the discretion of the court in allowing the amendment. Amending the declaration so as to include interest in the recovery because of the delay in getting the case to trial, neither added any new cause of action nor would cause any further delay in the trial. The additional plea, if filed, would have made a new issue, and might have necessitated postponing the trial. The Circuit Court is authorized by sec. 69 of chap. 37 of the statute to make rules for the orderly disposition of the business. Rule 13 of the Circuit Court of La Salle county was a reasonable one, and rules of court when established have the force of law. They are obligatory on the court itself as well as upon the parties, and must be administered according to their terms while they remain in force. Lancaster v. Waukegan & S. W. Ry. Co., 132 Ill. 492; Spain v. Thomas, 49 Ill. App. 249; Hoper v. Mather, 104 Ill. App. 309; Chicago Title & Trust Co. v. Core, 126 Ill. App. 272. There was no error in denying leave to file the additional plea, without cause therefor being shown under the rule. Without the rule, the motion was addressed to the discretion of the court, and should be supported by an affidavit showing a reasonable excuse for not sooner presenting the defense. City of Chicago v. Cook, 204 Ill. 373.

It is insisted that the application of Kate Sinon was untrue, in that she gave an erroneous date to her marriage, and was untrue in her statements that she had a certain number of brothers and sisters, when in fact long before she was born there had been other children, who had died in infancy, and that she failed to state that one of her sisters had died of cancer, and that therefore under the stipulation in the application that the answers shall be the exact and literal truth, such misstatements rendered the policy void, and that such defense could be made under the general issue.

"Courts incline to restrict the scope of the general issue in actions on insurance policies, especially where applications containing a large number of 'warranties' or representations are referred to and made a part of the policy. In such case, although the application and all the statements therein are expressly incorporated in the policy by reference, a breach thereof, or a defense based thereon going to avoid the insurance, cannot be proved under the general issue, but must be pleaded specially. But breaches of conditions in the policy itself * * * may be shown under the general issue." 11 Ency of Pl. & Pr. 421. Such a rule is reasonable and is held to be the law in this state. Continental Life Ins. Co. v. Rogers, 119 Ill. 474; Phoenix Ins. Co. v. Stocks, 149 Ill. 319 (40 Ill. App. 64); Supreme Lodge Knights and L. of Glenwood v. Albers, 106 Ill. App. 89; Danvers Mutual F. Ins. Co. v. Schertz, 95 Ill. App. 656; Metropolitan Ins. Co. v. Zeigler, 69 Ill. App. 448. The form of the application and the policy is prepared by the insurance company. The language of the clause in the policy referring to the questions and answers in the application is so strict and favorable to the company that a literal construction of it would probably defeat every policy issued by it on some ground. The appellant not having pleaded specially the defense it was seeking to urge, should not be heard to complain that its defense was unsuccessful, when it did not place itself in a situation where it could insist upon such defense.

It is insisted that the court erred in not permitting appellant, on the cross-examination of appellee, to show the number of births of children to the mother of appellee, for the purpose of throwing some light upon her age and family history. The appellee was placed upon the stand for the sole purpose of identifying certain papers and proving that she was the beneficiary and had made due proof of the death of the insured. The questions asked on cross-examination were asked for the purpose of proving an affirma-

tive defense, and were in no way pertinent to anything asked on the direct examination, and the objections were properly sustained. The cross-examination should be limited to the scope of the direct examination. Stafford v. Fargo, 35 Ill. 481; Meyer v. Johnson, 122 Ill. App. 87. The appellant could have called the witness in its own behalf and examined her on that question at the proper time.

It is urged the court erred in not instructing the jury to find a verdict for the defendant, on the ground that appellant proved by a preponderance of the evidence that Kate Sinon's answer as to her age was untruthful, and that she was proven to be past the age of forty-five when the policy was issued. This is the meritorious and difficult question in the case. Kate Sinon in her application for insurance stated she was born on the thirtieth day of January, 1860, and the policy is dated April 30, 1904. If the applicant's statement is true then she was between forty-four and forty-five years of age at the date of the policy. The society does not insure women over forty-five years of age. If the statement is untrue then the judgment cannot be sustained. It would appear from the fact that she gave the date of her marriage as February 18, 1880, when the real date was February 18, 1876, that her memory of dates was poor. The family kept no family record of births, marriages and deaths. The application in which the deceased stated the date of her birth was in evidence. The medical examiner certified in his special report that he had known the insured three years, and that she does not appear to be over forty-four years of age. Mrs. Holland, the oldest living sister of the deceased, testified that she (Mrs. Holland) was born in Pennsylvania, September 19, 1854, and that there were three children born to her parents between her birth in 1854 and that of Kate Sinon, and that her parents did not come to Illinois until some time during the war; that her father's name was Timothy B. Murphy and her

mother's name was Catherine. Dr. Hathaway testified he had known Kate Sinon thirteen years; that he treated her during her last illness, and made out the certificate of her death, which states she was forty-six years of age at her death, and that he obtained the information as to her age from relatives the morning of her death.

Marion Tilman, the recorder of the local lodge at the time the application was made, states in her affidavit in the proofs of death that she has known the insured thirty-two years. Mrs. Tilman must have been acquainted with her age, and if it was wrongfully stated appellant could have proved such fact by her, but failed to call her as a witness. There are records in the Catholic church at Ottawa of the baptism of two children of Timothy Murphy and Kate Murphy on two occasions before 1860 about two years apart. If these were children of the parents of the deceased, then the family came from Pennsylvania to Ottawa long prior to 1860. It appears from the evidence that there was another Timothy Murphy living in Ottawa, in no way related to the Murphy family of which the deceased was a member, and that he had a large family of children. These entries may relate to the other Murphy family. Two physicians who attended the birth of the children of the deceased had made certificates of birth, and in them stated the age of the mother of the children to be such that if the certificates are true she must have been born in 1853. It is not shown where or how these physicians obtained the information from which the certificates were made, and at least one of these certificates was made out long after the birth. There was also evidence given by witnesses, one Shuler and his daughter, Minnie Kendig, that Kate Sinon had worked for Shuler in his family as a domestic seven or eight years before her marriage, and that she was fully developed at that time, and was older than Mrs. Kendig who is forty-eight. Other evidence showed she had only worked for Shuler

three years. The evidence is very conflicting, and we cannot say the jury were not justified in believing the sister of Mrs. Sinon. The burden was on the appellant to prove the statement to be untrue by a preponderance of the evidence. The appellant submitted to the jury three interrogatories asking for special findings as to the age of Kate Sinon. These the jury answered finding she was born January 30, 1860, and that she was between the age of 44 and 45 years when she made application for the benefit certificate sued on. The importance of this question was especially impressed on the jury by these interrogatories. The jury on the conflicting evidence found against the appellant, and the trial court having approved the verdict we see no reason for disturbing the judgment on the facts.

The jury were fully instructed on the law of the case. The tenth instruction asked by the defendant was properly refused as being misleading and confusing. That the plaintiff had made out a *prima facie* case was not questioned, and the burden of proving the defense under the special plea was on the defendant, and if the evidence was equally balanced on that plea the defense failed.

The eleventh instruction was properly refused because it gave undue prominence to the record of St. Columba's church by calling the jury's attention particularly to that portion of the evidence. Finding no error in the case the judgment is affirmed.

*Affirmed.*