[No. 6812.]

HENRY v. THE MONTEZUMA WATER & LAND CO. ET AL.

1. CONTRACT—*Construction*—*Parties.* Contract by a corporation for the employment of an agent to promote the sale of its properties. The approval thereof by the stockholders did not make them parties to the contract.

2. PRINCIPAL AND AGENT—*Agent's Right to Compensation.* · Plaintiff was employed by defendant, at a monthly salary, to negotiate a sale of its properties to another corporation named, and with provision that in case of his effecting the sale he should receive, in addition, a commission upon the price obtained. It was expressly provided that the contract should end in one year unless sooner terminated by a sale of the property. *Held* that the sale of the properties by the corporation, to the same purchaser, after the lapse of the year did not entitle the agent to the agreed commission.

3. PLEADINGS—*Amendment*—*Waiver.* By filing an amended and supplemental complaint, after demurrer sustained to the original, error in the ruling upon the demurrer is waived.

4. —— *Supplemental Complaint.* Material Facts occurring subsequent to the institution of an action may be presented by a supplemental complaint, at any time.

Where the new matter alleged is a mere detail, evidential of what is alleged in the original pleading, the supplemental complaint is improper and may be stricken.

5. BILL OF EXCEPTIONS—*When Necessary.* A pleading stricken from the files is still part of the record for the purpose of reviewing this action of the court and need not be presented by bill of exceptions.

*Error to Denver District Court.*—Hon. GEORGE W. ALLEN, Judge.

Mr. JOHN R. SMITH, for plaintiff in error.

Mr. JOHN M. WALDRON, Mr. R. D. THOMPSON, for defendants in error.

Mr. JUSTICE GARRIGUES delivered the opinion of the court.

1.   March 2, 1907, T. C. Henry began suit against the Montezuma Water & Land Company, The Denver National Bank, The Colorado State Bank of Durango, and John V. Farwell of Chicago. The original complaint contained first, second and third clauses of action which were counts or duplicate statements of the same transaction, and upon which there could be but one recovery. The defendant The Montezuma Water & Land Company, hereinafter for convenience called the ditch company, owned an irrigation system in the Montezuma valley which was in use, but not completed. All the stock and bonds of this company were owned by the other defendants. February 20, 1905, the written contract of employment set out in the complaint as the basis of the action, was executed between the defendant ditch company and plaintiff Henry, by which the latter was employed for one year upon a salary of one hundred dollars a month, to work for the ditch company in promoting and effecting a sale of the ditch to the Montezuma Valley Irrigation District for not less than $250,000.00 in cash, or in securities which all the stockholders and bond holders of the ditch company would approve and accept in payment for the property. In the event he sold the ditch within a year, upon these conditions, he was to receive, in addition to his salary a further contingent compensation or bonus of twenty-five per cent of the cash payment for the property; and in the event he failed to sell the property within a

year, his salary was to be in full compensation of all of his services. The contract expressly provided that it should end in one year unless sooner terminated by a sale of the property. The other defendants were not made parties to the contract. It bears, however, the following endorsement:

"This contract approved by The Denver National Bank of Denver, by J. A. Thatcher, president. Colorado State Bank of Durango, by B. N. Freeman, president. John V. Farwell, by C. F. Harding, attorney, owners of all bonds and stocks of The Montezuma Water and Land Company."

The approval of all the stockholders was necessary before the ditch company could sell the ditch; but this did not make them parties to the contract. It showed the consent of the stockholders and bond holders, that the property of the corporation might be sold.

The original complaint was held bad on demurrer, and June 3, 1907, plaintiff filed an amended and supplemental complaint uniting the first and second counts, with no material change, and adding an allegation that since the commencement of the action on March 2, 1907, defendants sold the canal to the Irrigation District through The Empire Construction Company, on terms substantially the same as the alleged sales effected by him to the district, in May and December, 1905. The second count, like the third in the original complaint, asked for $62,500.00, as the reasonable worth of plaintiff's services for the work and labor performed by him for dependants at their request, in selling the irrigating system. On motion, the amended and supplemental complaint was stricken from the files upon the ground that it was a repetition of the former pleading to which a demurrer had theretofore been sustained.

2. By filing an amended and supplemental complaint after the demurrer had been sustained to the orig-

inal, plaintiff waived any error committed by the court in that ruling. *Anthony v. Slayden,* 27 Colo. 144, 60 Pac. 826; *Enright v. Midland Co.,* 33 Colo. 341, 80 Pac. 1041.

3.   It is contended by defendants in error, that to review the court's action in striking the amended and supplemental complaint from the files, the pleading stricken, must be incorporated in the bill of exceptions. Striking a pleading from the files on motion, is a fiction, not a fact. The instrument is still a part of the files, although for the purpose of pleading, it is treated as excluded therefrom. For the purpose of reviewing the court's action in striking it, it is still a part of the record and should be incorporated by the clerk in the transcript, and need not be preserved by a bill of exceptions.

4.   It is next contended that an amended complaint, where the original is held bad on demurrer, must be confined to the facts as they existed when the original was filed, and if no right of action then existed, one cannot be created by stating in an amended complaint facts that have arisen since the commencement of the suit. Numerous authorities are cited which support this contention; but this pleading purports to be a supplemental as well as an amended complaint, and we believe a plaintiff has a right, in a proper case, to file a supplemental complaint at any time, setting up material facts which have occurred since the action was instituted, the rights of the defendant being properly safeguarded. In this case, however, it was unnecessary to plead the supplemental facts for the reason, in the original complaint it is alleged that plaintiff procured a purchaser ready, able and willing to buy the property. The supplemental allegation, that defendants since the beginning of the suit had sold the property to the same purchaser procured by him, on substantially the same terms which

he had negotiated, was evidence supporting the averment that he had procured a purchaser ready, able and willing to buy. Supplemental matters unnecessary to be alleged, because they add nothing to the original complaint, cannot be made the basis of a supplemental pleading. We are of the opinion, therefore, that the motion to strike in this case, was properly sustained. *Enright v. Midland Co., supra; Rittmaster v. Richner,* 14 Colo. App. 361, 6,0 Pac. 189; *Columbia Co. v. Clause,* 13 Wyo. 166, 78 Pac. 708; *Waukon v. Strouse,* 74 Ia. 548, 38 N. W. 408.

5. This is unquestionably the law, though it may be a somewhat technical manner of disposing of the case. As plaintiff in error has devoted his entire argument to the question of the sufficiency of the complaint, and as defendants have done practically the same, and say in their brief they "Dispute the right of the plaintiff to a reversal of said judgment: First—Because plaintiff's record does not entitle him to raise the question suggested by his assignments of error. Second—If plaintiff's record shall be held sufficient to bring before this court the plaintiff's pleadings, said pleadings must be held not to constitute a cause of action entitling plaintiff to said commission sued for by him," we have carefully read and considered the pleadings. It is unnecessary to quote from or set out the facts pleaded in detail. It is our conclusion that neither the original nor the amended and supplemental complaint state a cause of action, and accordingly the judgment of the lower court is affirmed.

*Affirmed.*

Chief Justice Musser and Mr. Justice White concur.