## No. 11,249.

### STRANGE-MCGUIRE PAVING CO. *v.* BLAUVELT.

Decided June 1, 1925.

Action to enforce performance of contract. Judgment for defendant.

*Affirmed.*

*On Application for Supersedeas.*

1.  PLEADING—*Contract—Demurrer.* In an action in mandamus to enforce performance of a contract, demurrer to the amended writ should have been sustained, because neither the writ nor the complaint stated that a contract was made or entered into, but only evidence thereof.

2.  APPEAL AND ERROR—*General Finding—Effect.* See *DeSollar v. Blauvelt*, 77 Colo. 436.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Messrs. PERSHING, NYE, FRY & TALLMADGE, Mr. ROBERT G. BOSWORTH, Mr. FREDERICK D. ANDERSON, Mr. A. K. BARNES, Mr. KENT S. WHITFORD, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. CHARLES ROACH, Deputy, Mr. OLIVER DEAN, Assistant, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE alternative writ of mandamus procured by the plaintiff in error against the defendant in error was dismissed by the court and the case comes here for review.

The case involves the same facts as *DeSollar v. Blauvelt* decided herewith, quod vide (77 Colo. 436).

A demurrer to the amended writ was overruled. It should have been sustained because neither the complaint nor the writ states that a contract was made or entered into. They state only the evidential details which, it is claimed, show a contract. This is insufficient. *Denver v. Bowen,* 67 Colo. 315, 184 Pac. 357; *St. Louis, etc., Co. v. Colo. Nat. Bank,* 8 Colo. 70, 5 Pac. 800; *Enright v. Midland etc., Co.,* 33 Colo. 341, 80 Pac. 1041; *Bush v. McMann,* 12 Colo. App. 504, 55 Pac. 956.

But if it were good, the plaintiff's case is no better. The allegations are denied and the court has found generally for defendants. The case in this respect is the same as *DeSollar v. Blauvelt, supra.*

Supersedeas denied and judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE BURKE concur.